Rockingham, }
April 1, 1902. }

WALKER *v.* BOSTON & MAINE RAILROAD.

71   271
72   446
72   586

71   271
74   462

The denial of a request for a specific instruction is not erroneous if its substance, so far as applicable to the evidence, is included in the charge.

If a doubt exists as to the meaning of language employed in a reserved case, the difficulty is to be obviated by amendment and not by judicial construction.

Where the credibility of a witness is brought in question by the contradiction of his incompetent statement, the objectionable testimony is thereby made a proper subject for argument.

Whether a suggestion of counsel as to testimony which would have been given by a person not called as a witness was an assertion of fact or a request for inference by the jury, is a question to be determined by the trial court.

Where an objection is interposed during argument of counsel, the question as to what remarks were included within an exception claimed is one of fact determinable by the trial court.

It is not cause for setting aside a verdict that the jury were urged to draw an unwarranted inference from admitted or established facts.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1901, of the superior court by *Young*, J.

The plaintiff claimed that she was injured by the sudden starting of the train on which she was a passenger, as she was leaving a car. Her evidence tended to prove that she and her sister attempted to leave the car within a reasonable time after the train

stopped. On cross-examination the sister testified that as she stepped from the car she heard some one say: "You started without orders; you'll hear from this." This remark was not responsive to any question, and there was no evidence connecting it with the defendants. The conductor, brakeman, and engineer were called by the defendants, and the first two were asked if they heard this remark. The plaintiff's counsel in his closing argument said: "The plaintiff's sister said she heard some one say: 'You started without orders; you'll hear from this.'" The defendants' counsel claimed an exception. The plaintiff's counsel said, "Except if you want to," and proceeded as follows: "You will remember that the defendants asked their conductor and brakeman if they heard any one make this statement and their denial, but that they did not ask this question of their engineer. If they had asked him he would have said that he heard it. This shows that the brakeman was not where he said he was when the accident happened; for if he had been, he as well as the engineer would have heard it."

There was evidence that the plaintiff is suffering from partial mental disability induced by the shock, and that this partial disability may become total. The plaintiff's counsel argued that she was liable to become insane, and asked the jury to consider her mental condition on the question of damages. The defendants requested the following instructions, which were denied subject to their exception: "In assessing damages the jury cannot take into consideration any apprehension of insanity, neither can they consider the prospect of insanity." On the question of damages the jury were instructed as follows: "If you come to that question, you will give her as damages so much money as will fully compensate her for all loss of time and money she has or may hereafter suffer, and for all the pain, both physical and mental, which she has or may hereafter endure as the direct, natural, and probable result of the defendants' fault as the evidence discloses it to you. If you find that she has nervous prostration, induced by dwelling upon her claim against the railroad and on the probable result of her suit, you will not consider it in assessing her damages. In assessing her damages you will only consider the physical injury she actually received, and the mental pain and suffering which resulted directly from the injury. You will not consider any fictitious pain and suffering due to a disordered imagination, for she can only recover for actual and not imaginary pain."

*Dwight Hall* and *Emery & Simes*, for the plaintiff.

*Frink & Marvin*, for the defendants.

PARSONS, J. The requested instruction was, so far as applicable to the evidence, covered by the instructions given. Upon the question of damages for future physical and mental pain, the jury were limited by the instructions given to such suffering as was shown to be the direct, natural, and probable result of the defendants' fault. When the legal principle governing a case is fully stated in general terms, it is not error of law for the court to refuse instructions upon its application to particular evidence. The substance of the requested charge having been given, it is no ground of exception that it was not repeated, or that a particular form of expression was not used. *Rublee* v. *Belmont*, 62 N. H. 365; *Chase* v. *Chase*, 66 N. H. 588, 592. There was evidence that the plaintiff was suffering from partial mental disability. If as the result of mental disability induced by the defendants' fault the plaintiff suffered from apprehension of insanity, such suffering was an element of her damages. The instruction, if given in the form requested, would therefore have been erroneous.

The argument in support of the exception is founded upon the meaning of the word " may " in the following statement in the case: " There was evidence that the plaintiff is suffering from partial mental disability induced by the shock, and that this partial disability may become total." Whether the word was used in the strict sense claimed, meaning that the evidence did not tend to prove a probability but only a possibility of total insanity, is at least open to serious doubt. Whether the meaning attached by the defendants is the one intended is not material, because their contention as to the proper rule upon their understanding of the word is fully covered by the general instruction limiting the consideration of the jury to such future suffering as the plaintiff may endure as the probable result of the injury. It could fairly be inferred that in stating the evidence the court used the word " may " with reference to the connection in which it was used in the charge. However this may be, this court is not obliged to resort to the study of derivations or definitions, or to employ the principles of judicial construction to ascertain the meaning of a case transferred. If there is doubt, an amendment of the case furnishes a convenient and certain solution of the difficulty.

As the defendants, instead of moving to reject the voluntary incompetent statement of the plaintiff's sister, called witnesses to dispute it, and thereby made an issue of her credibility, it was proper for counsel to discuss any competent evidence in the case bearing upon the question; but the assertion as a fact by the plaintiff's counsel in his closing address to the jury, that the engineer, if he had been asked, would have said that he heard the statement of which the plaintiff's sister had testified, was incompetent testimony

which, introduced under exception, is fatal to the verdict. *Concord etc. Co.* v. *Clough,* 70 N. H. 627 ; *Bullard* v. *Railroad,* 64 N. H. 27. If, instead of stating to the jury as a fact what the engineer would have said if inquired of, counsel asked the jury to infer from the fact that the defendants' counsel did not ask the engineer this question, that he did not ask it because he knew the answer would be as stated, the argument is within the limits of legitimate advocacy. *Mitchell* v. *Railroad,* 68 N. H. 96, 117.

From the case it may be inferred that the exception covers everything said by counsel which is reported, and that the remark in question was not a request for an inference by the jury, but a statement of a fact. Whether the statement was made in one way or the other, and whether all that is reported was said subject to exception, are questions of fact for the trial court. *Edwards* v. *Tilton Mills,* 70 N. H. 574, 576. Legal fairness of trial requires that counsel apparently trespassing upon the rule prohibiting the introduction of unsworn testimony in argument should assume the burden of establishing his freedom from fault. An amendment of the case having been procured which establishes that the suggestion of counsel to which objection was taken was understood to be a request to the jury to infer from the facts proved what the testimony of the engineer would have been, the argument is not objectionable. *Mitchell* v. *Railroad, supra.*

*Exceptions overruled.*

WALKER, J., did not sit: the others concurred.