Belknap,  }
Oct. 7, 1902. }

## MORAN v. BALDI.

It is sufficient cause for setting aside a verdict, that a remark by counsel in closing argument is in the nature of testimony contradictory of a witness, the tendency of which is to render the trial unfair.

ASSUMPSIT. Trial by jury and verdict for the plaintiff. Transferred from the March term, 1902, of the superior court by *Pike*, J.

Upon the cross-examination of the defendant, he was asked if he did not make to the plaintiff's attorney a certain material statement as to his liability. The defendant answered, " No." In the closing argument to the jury, the plaintiff's attorney referred to his interview with the defendant, and said : " You may consider whether I should be apt to ask that question if there was not some foundation for it. You also have a right to consider the witness' manner when he answered the question." The defendant excepted to the first of these assertions.

*Frank M. Beckford*, for the plaintiff.

*Jewell; Owen & Veazey*, for the defendant.

CHASE, J. If the defendant made a statement to the attorney which contradicted the defendant's testimony with reference to a material matter, the only direct way to place the statement before the jury was for the attorney or some person who heard it to take the witness stand and testify to it under oath. The defendant would then have an opportunity to cross-examine the witness, and might possibly be able to satisfy the jury that his testimony was untrue, or not entitled to as much weight as that of the defendant. At any rate, the testimony would go before the jury under the safeguards of an oath and the privilege of cross-examination. But instead of taking this course, the attorney asked the jury to draw from the fact that he asked the defendant a question covering the statement, the inference that the defendant made the statement. Although not sworn as a witness, he gave testimony which contradicted the defendant, and the defendant had no opportunity to cross-examine him. His conduct had a strong tendency to render the trial unfair, and was not justifiable on any ground. He took no steps to prevent it from having its natural effect. Consequently, his client must suffer the delay and expense of another trial. *Bullard* v. *Railroad*, 64 N. H. 27, and the numerous cases cited and reviewed in *Story* v. *Railroad*, 70 N. H. 364.

*Exception sustained.*

All concurred.