Grafton,  }
June 4, 1918. }

RICHARD M. KNAPP, *by his next friend,* IRVING W. THAYER
*v.*
DWIGHT S. STONE.

The unsworn statement to the jury of a material fact as within the personal knowledge of counsel vitiates the verdict, and such misconduct by one party will not excuse similar misconduct by the other.

CASE, to recover for injury received in a highway collision between a motor-cycle operated by the plaintiff and an automobile driven by the defendant. Trial by jury and verdict for the plaintiff.

The defendant excepted to portions of the argument of counsel for the plaintiff, and after the verdict was rendered moved, in part upon the ground of improper argument, to set the same aside. The motion was denied subject to exception, the court stating that no finding of fact was made as to the fairness of the trial. Transferred by *Marble,* J., from the January term, 1918, of the superior court. The facts sufficiently appear from the opinion.

*Alvin F. Wentworth* (by brief and orally), for the plaintiff.

*Raymond U. Smith, Fred S. Wright* and *Martin & Howe* (*Mr. Smith* orally), for the defendant.

PARSONS, C. J. In answer to what was considered to be an insinuation by counsel for the defendant that plaintiff's counsel had suggested the testimony given by the plaintiff, his counsel said in the course of his argument: "I am the only counsel in this case, and I can say to you, gentlemen, in answer to my brother's argument that I have not . . . told young Richard Knapp how to make up his story, or how to swear to it." To this statement the defendant excepted. If there was evidence from which the inference could be drawn that plaintiff's testimony was suggested by counsel it could not properly be answered by the unsworn statement of his counsel that he was the only counsel in the case, and had made no such suggestion. *Concord Land & Water Power Co.* v. *Clough,* 70 N. H. 627; *Bullard* v. *Railroad,* 64 N. H. 27. The plaintiff's contention that the denial of the motion to set the verdict aside implies a finding

of fact that the trial was fair (*Lee* v. *Dow*, 73 N. H. 101) is disposed of by the statement of the record that no such finding was in fact made.    Plaintiff's counsel further contends that the statement was not testimony but argument, that he was merely stating in a forceful manner an inference which might be drawn from the evidence, that from the appearance of the plaintiff as a witness and his manner of testifying it could be inferred he was not relating a story suggested to him by counsel.    Whether the statement excepted to was argument or testimony is a question of fact.    *Walker* v. *Railroad*, 71 N. H. 271, 274.    "When it can be found, either from the statement itself or the circumstances under which it was made, that counsel was testifying, the verdict will be set aside unless he procures a finding that he was merely asking the jury to find that that was what the evidence tended to prove."    *Kambour* v. *Railroad*, 77 N. H. 33, 52.    The statement itself is evidence that it was made and intended to be understood as testimony and there is nothing in the record upon which to base a contrary finding.    But whether such contrary finding could be made or not, it has not been made and the unsworn statement to the jury of a material fact as within the personal knowledge of counsel vitiates the verdict.    *Gosselin* v. *Company*, 78 N. H. 149, 151.

It is not clear that the contention of defendant's counsel, which the plaintiff attempted to answer, was in any way improper.    But if it clearly exceeded the limits of legitimate advocacy such a wrong by one party would not excuse similar conduct by the other.    *Tucker* v. *Henniker*, 41 N. H. 317, 322.    "The verdict is set aside, not because the party gaining it introduced incompetent evidence before his adversary did the same thing, nor because he introduced more incompetent evidence than his adversary, but because a material part of his evidence was inadmissible and prejudicial and the trial was unfair and illegal."    *Baldwin* v. *Railway*, 64 N. H. 596, 598.

*Verdict set aside.*

All concurred.