Hillsborough,
Jan. 2, 1929.

## HELEN KERZTY v. MARY WARDYMKA.

*Banigan & Banigan* (*Mr. Edward W. Banigan* orally), for the plaintiff.

*Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the defendant.

SNOW, J. The defendant is the plaintiff's sister-in-law. A witness for the defendant testified that, at an interview preceding the trial, the plaintiff's counsel admitted to her that "it was not nice to fight between relatives" and that he thought that the case ought to be dropped. In reply to a suggestion that this admission showed a want of faith in the merits of his client's case, the plaintiff's counsel stated in argument, "Now, some statement was made about my not having confidence in the suit. . . . I always thought it was the part of good attorney-ship — . . . [*Objection and exception.*] You made the statement and I want to explain it. . . . [*Objection.*] . . . The statement . . . testified to that I said I thought the people should settle the matter out of court, and I did say that, and I want to explain it to the jury; I did think so. *The Court:* You do so at your peril. You remember the decision in the case of Knapp *v.* Stone [79 N. H. 32] where counsel did that. Proceed in your own way. . . . [*Exception.*] All right, Your Honor. The statement was made . . . that I suggested that the parties should, that it would be well for the parties to settle a case like this case outside of court, and the statement is being twisted in such a way as to make it appear that I had no honest conviction about this case, that it should not be taken into court. You understand how an attorney would feel about a matter like that, if you were

in my position; it isn't good attorneyship to stir up litigation and not to settle it; it is the part of good attorney-ship, if possible, to settle matters up. That is the way I feel about that." *Exception.* It seems to be conceded that the exception was allowed. Both counsel and the court apparently so understood, and so treated it. *Gerry* v. *Neugebauer*, 83 N. H. 23, 24, and cases cited.

The question of the competency of the admissions made by the plaintiff's counsel to the witness is not presented. The evidence was received without objection, and there was no motion to strike it out. It was in the case for any inference which might fairly be deduced from it. One inference which could be drawn from counsel's admission that the suit ought to be dropped was that he lacked confidence in its merits. This could legally be met only by evidence, or by an inference deducible from evidence. Counsel, instead of taking the witness stand, undertook to meet it in argument.

The contention of the plaintiff's counsel is that he was simply appealing *arguendo* to the general knowledge of the jury that it is the custom of good attorneys to quiet litigation when possible. If it be conceded that such altruism is a general characteristic of the bar within the common knowledge of jurors, the question is presented whether the language used in discussion justifies the contention. Where an attorney undertakes in argument to discuss the meaning, or prompting motives, of his own words or acts in evidence, he is before the jury in a dual capacity, and assumes a delicate task. As an advocate he has a duty to refrain from comments which, under any reasonable interpretation, might be construed to add to or subtract from his statements in evidence. All doubts must be resolved against him. In such a case, if he makes an enigmatical statement in argument, the test to determine its meaning is to inquire, not what the language used might mean on a technical analysis, but what a jury would naturally understand it to mean. *West* v. *Railroad*, 81 N. H. 522, 532. Applying this test, it seems clear that the language of the plaintiff's counsel in argument was calculated to inform the jury (1) that his statement to the witness was not that the case should be dropped, but that it ought to be settled out of court, and (2) that he had a personal predilection for settlement of litigation out of court regardless of its merits. The apparent object of these assertions was to overcome the inference that he lacked confidence in his client's cause. In other words, counsel sought to meet an inference, deducible from the evidence, by the unsworn assertion of facts not in evidence. His statement was also in contradiction of a witness whose credibility

appears to have been a material issue. *Moran* v. *Baldi,* 71 N. H. 490; *Byron* v. *Railroad,* 82 N. H. 434, 440. The unwarranted statements in argument vitiate the verdict. *Concord Land & Water Power Co.* v. *Clough,* 70 N. H. 627; *Kelsea* v. *Insurance Co.,* 78 N. H. 422, 425, 426; *Knapp* v. *Stone,* 79 N. H. 32, 33; *Crossett* v. *Brackett,* 79 N. H. 102, 105; *Cote* v. *Michou,* 80 N. H. 41; *Olena* v. *Company,* 82 N. H. 408, 414, 415.

*New trial.*

All concurred.