Belknap,
March 3, 1936.

CAROLINE DUBE *v.* WALTER C. MELHORN.

*Tilton & Tilton (Mr. Frederick A. Tilton* orally), for the plaintiff.

*Devine & Tobin (Mr. Tobin* orally), for the defendant.

MARBLE, J. The accident occurred on February 4, 1935, at six o'clock in the evening, at or near a bridge situated about a mile north

of Belmont. Clarence L. Dube, the plaintiff's husband, who was driving the car in which the plaintiff was riding, testified that as he approached the bridge in question from the south he saw the defendant's car coming toward him from the north and that the car was then about 300 feet north of the bridge; that when the defendant put his brakes on, "the back end of his car slued around crosswise of the road" and that he (Dube) then pulled his car to the right and ran into a snow bank "up against a fence" and stopped about 8 or 10 feet north of the bridge, where he was struck by the defendant's car.

The defendant's testimony tended to prove that the accident occurred at the northerly end of the bridge; that the defendant stopped his car at that point and that Dube, who was then halfway across the bridge, continued to advance without any lessening of speed until he struck the defendant's car; that the shock of the collision swung the Dube car to the right and that the back end of the Dube car was "about at the north side of the bridge."

Immediately after the accident Dube and the defendant together with Mrs. Dube and two men who were riding with the defendant at the time of the accident drove to Belmont in the defendant's car to consult Homer L. Crockett, a deputy sheriff and local police officer. They brought Crockett back with them to the scene of the accident.

Crockett testified that he found the Dube car about 30 feet north of the bridge on the right-hand side of the road with the forward right-hand wheel through the pipe fence that ran up from the bridge, and that he traced the tire marks south a distance of about 40 or 43 feet to the center of the bridge and that these marks indicated that the car had turned "gradually all the way to the right." This testimony except on the question of distance tended to substantiate the plaintiff's contention as to how the accident occurred. The question whether the car had been moved between the time of the accident and Crockett's arrival was therefore an important factor in the case.

The defendant testified that when he returned with Dube and the others to the scene of the accident the car had been moved some 50 feet north of where they had left it and that he called this fact to Crockett's attention. He further declared that Dube told him that the car had been moved by his brother. The men who were riding with the defendant when the accident happened also testified that the car had been towed up the road before their return from Belmont.

Dube did not take the stand to deny these assertions, and nowhere in his testimony did he state that his car had not been moved. Crock-

ett declared that he did not recall that anything was said to him as to whether the car had been moved or not. In this state of the evidence plaintiff's counsel argued to the jury as follows:

"*Mr. Tilton.* ... Before I forget it, I just want to refer to one of the things that my Brother has mentioned, particularly about the rebuttal. He says that we didn't bring anybody in here to deny that car was moved. Now you gentlemen remember the testimony. You remember the testimony of Mr. Dube, who told you that the car hadn't been moved when they came back there with Mr. Melhorn and the sheriff. You remember the ——

"*Mr. Devine.* May we have an objection and exception to that?

"*Mr. Tilton.* Surely. —— testimony of the sheriff .... You remember that the sheriff came back. You remember that he told him then that the car was where it had been.

"*Mr. Devine.* Objection and exception.

"*Mr. Tilton.* If I am wrong, you correct any mistakes I may make .... I say that the sheriff was telling the thing just as it was down there, as he saw it in his official capacity as sheriff, and he hasn't any purpose in coming here and telling you something that isn't so. The sheriff of our county, if he is going to tell you something like that, it is high time we had some new sheriffs here, and I believe you, Mr. Clark, from Belmont, know Homer Crockett, and know he is a reliable man; he is a police officer, of your town, —— you have a right to take into consideration the fact that you know him.

"*Mr. Devine.* May we have an objection and exception?

"*The Court.* Yes."

This argument contains flagrant misstatements of the evidence relating to a material point in the case. Neither of the erroneous statements was withdrawn. On the contrary, plaintiff's counsel did not even wait for the ruling of the presiding justice when the first objection was interposed but assured defendant's counsel that he might have his exception. As in the case of *Kerzty* v. *Wardymka*, 83 N. H. 477, 478, both court and counsel assumed that the statements objected to were to stand subject to the defendant's exceptions. This is evident from the failure of plaintiff's counsel to raise any question as to the propriety of any of the exceptions claimed and by the trial court's reference in the reserved case to the taking of certain exceptions "to the allowance of arguments by plaintiff's counsel." Under such circumstances the erroneous statements must be held to have vitiated the verdict. *Harvey* v. *Welch*, 86 N. H. 72, 75, and cases cited.

But this is not the only objectionable feature of the argument. After attempting to corroborate his statement as to Dube's testimony by misquoting the testimony of Crockett, plaintiff's counsel proceeded to declare in effect that the sheriff of the county (Crockett was only a deputy sheriff) would not testify falsely and then resorted to the reprehensible expedient of an appeal to an individual juror who was assumed to have knowledge of Crockett's reliability. This also constituted reversible error. *Olena* v. *Company*, 82 N. H. 408, 414.

It follows that the defendant's exceptions must be sustained.

*New trial.*

All concurred.