Joseph Alan LYKINS, Plaintiff,

v.

ASSISTANT ATTORNEY GENERAL Jonathan C. ROSE, et al., Defendant.

Civ. A. No. 82–0241.

United States District Court, District of Columbia.

Sept. 28, 1984.

Eric Glitzenstein, Washington, D.C., for plaintiff.

Michael J. Ryan, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

This case is here on remand from the Court of Appeals, following reversal of this Court's order of October 27, 1982, granting summary judgment to defendant. *See Lykins v. United States Dep't of Justice*, 725 F.2d 1455 (D.C.Cir.1984). Currently before the Court are renewed cross-motions for summary judgment.

The factual background and procedural history of the case are described in detail in the Court of Appeals opinion, *see id.* at 1457–58, and need not be repeated here. In brief, the case is about disclosure of a presentence report under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Two questions are presented. The first question is whether defendant, at this stage of the proceedings, may even argue that the report falls within a statutory exemption from disclosure. The second, assuming that an exemption may be asserted, is whether Fed.R.Cr.P. 32 is a withholding statute within the meaning of Exemption 3 of the Act, 5 U.S.C. § 552(b)(3).

This is getting to be a crowded corner of the law. In recent months at least four Courts of Appeals have considered the issues raised by FOIA requests for presentence reports. For example, the District of Columbia and Ninth Circuits held that presentence reports are "agency records" under § 552(a)(4)(B). *See Lykins, supra,* 725 F.2d at 1459–60; *Berry v. Dep't of Justice,* 733 F.2d 1343, 1350–52 (9th Cir.1984). *See also Carson v. United States Dep't of Justice,* 631 F.2d 1008, 1011–15 (D.C.Cir.1980). The First and Eleventh Circuits held that the reports are *not* "agency records" and therefore not subject to disclosure. *See Crooker v. United States Parole Commission,* 730 F.2d 1, 10 (1st Cir.1984); *Lindsey v. Bureau of Prisons,* 736 F.2d 1462, 1464–67 (11th Cir.1984). The D.C. Circuit also held that agency adherence to an originating court's order prohibiting release of a report is "improper withholding" under § 552(a)(4)(B). *See Lykins, supra,* 725 F.2d at 1460–62. Finally, all of the courts discussed the possible applicability of various statutory exemptions, and the Ninth Circuit expressly held that the Parole Commission and Reorganization Act, 18 U.S.C. § 4208(b), "constitutes a withholding statute under exemption 3." *Berry v. Dep't of Justice, supra,* 733 F.2d at 1354.

These cases reveal the government's practice of pressing defenses to disclosure under both jurisdictional and exemption provisions of the Act. There is, of course, no objection to this strategy. There is, however, a problem when the government, in any *particular* case, fails to raise all available defenses. As the Court of Appeals observed:

> Normally, if an agency gives thorough and proper consideration to the disclosability of documents when it should, that is, when it receives the request in the first instance, then it should be able to cite all possible relevant exemptions well before the appellate stage.

*Jordan v. United States Dep't of Justice,* 591 F.2d 753, 780 (D.C.Cir.1978) (*en banc* );

*see also Ryan v. Dep't of Justice,* 617 F.2d 781, 792 (D.C.Cir.1980) (noting "danger[s] of permitting the Government to raise its FOIA exemption claims one at a time, at different stages of a district court proceeding"). That is the problem in this case, and it is a problem that is fatal to the government's position.

The Court of Appeals remanded this case with specific instructions: because the government did not assert any exemptions in the initial proceedings, "the District Court should therefore consider carefully whether any new government claims of exemption are permissible under *Ryan* [*supra* ], *Jordan* [*supra* ], and *Carson* [*supra* ]." 725 F.2d at 1466. Three months later, in another remand to this Court, the Court described these instructions: "[T]he *Lykins* remand was narrowly defined. The inquiry under the cited cases focuses on whether the government has shown 'extraordinary circumstances' warranting consideration of claims of exemption not raised in the earlier proceedings. *See Ryan v. Dep't of Justice, supra,* 617 F.2d at 792." *Crooker v. United States Bureau of Prisons,* No. 83–2279 (D.C.Cir. April 10, 1984) (*per curiam* order).

Review of "the cited cases" suggests at least four possible settings where belated claims of exemption are likely to arise. First, the government may "invoke an exemption for the first time ... in order to gain a tactical advantage over the requestor." Needless to say, such "agency maneuvering" is not countenanced. *Jordan, supra,* 591 F.2d at 780. In other settings, however, the government may not necessarily be foreclosed from putting forward a new claim. There may be a:

> substantial change in the factual context of the case or because of an interim development in applicable legal doctrine. Third, the agency might have an "afterthought" following district court proceedings ... [T]here could be circumstances where, through pure mistake, the Government attorneys had not invoked the correct exemption in the district court. If the value of the material which otherwise would be subject to disclosure

were obviously high, *e.g.,* confidential information compromising the nation's foreign relations or national security, and it appeared highly likely was intended to be protected by one of the nine enumerated exemptions, then under 28 U.S.C. § 2106, the appellate court would have discretion to "remand the cause and ... require such further proceedings to be had as may be just under the circumstances." Such discretion might likewise be exercised in the second example above-cited. *Jordan, supra,* 591 F.2d at 780. Finally, extraordinary circumstances may exist where "sensitive, personal private information might be revealed" and there is no other properly-invoked exemption. *Ryan, supra,* 617 F.2d at 792.

The government relies principally on the "change in applicable law/valuable information" exception. It explains its failure to raise Exemption 3 earlier on the grounds of its "reasonable reliance" on Judge Gasch's decision on remand in *Carson,* 2 Gov't Disclosure Serv. (P–H) ¶ 82,011 (D.D.C. Nov. 18, 1981), a ruling followed by this Court in its original order. The "interim development in applicable legal doctrine," according to defendant, came through "the appellate decision in the *instant case,*" making "evident that FOIA exemptions had to be asserted, notwithstanding the sentencing court's expression of its policy." Def.Opp.Plt.Mo.S.J. at 5 (emphasis supplied).

■ This argument is without merit. "Interim developments" do not include losses on appeal in the very case where the government seeks to belatedly raise an exemption. "Interim developments" do not include appellate rejection of an *alternate* defense. In all of these cases, the Court of Appeals has insisted on the government's coming forward with *all* objections to disclosure in the initial proceeding. The "interim developments" standard must be read in that light. For example, the exception is properly invoked when the government failed to raise an exemption in reliance on a case holding it inapplicable, and

**696**

the case thereafter is the subject of legislative, Supreme Court, *en banc,* or appellate reversal. The key is that assertion of the exemption originally was barred by legal doctrine, and only now is available. The exception should not apply when the exemption was available but the government, as the result of a deliberate, tactical decision, simply chose not to assert it. This is "tactical maneuvering" in a sense somewhat different than that contemplated by the Court of Appeals, but the consequence is the same: the exemption claim comes too late. The "pure mistake" test of *Jordan* does not encompass mistakes of litigation strategy and judgment.

■ The Court, in sum, finds nothing in defendant's submissions or in the record supporting departure from a basic requirement of the Act: the "agency must identify the specific statutory exemptions relied upon, and do so at least by the time of the [initial] district court proceedings." *Ryan, supra,* 617 F.2d at 792.

Accordingly, plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied.