Michael Alan **CROOKER**,
Plaintiff, Appellant,

v.

**UNITED STATES PAROLE COMMIS-
SION**, Defendant, Appellee.

No. 83–1687.

United States Court of Appeals,
First Circuit.

Submitted March 8, 1985.

Opinion of the Court Announced
April 17, 1985.

Eric R. Glitzenstein, Katherine A. Meyer, Alan B. Morrison and John Cary Sims, Public Citizen Litigation Group, Washington, D.C., on brief for plaintiff, appellant.

Sandra Wien Simon and Leonard Schaitman, Appellate Staff, Civ.Div., U.S. Dept. of Justice, Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., and William F. Weld, U.S. Atty., Boston, Mass., on brief for defendant, appellee.

Before COFFIN, ALDRICH and BREYER, Circuit Judges.

COFFIN, Circuit Judge.

Appellant has spent two years trying to obtain a copy of his presentence report under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. His case is before us for the second time because the Solicitor General, on behalf of the appellee U.S. Parole Commission, conceded in a brief in response to appellant's petition for a writ of certiorari that presentence reports are agency records subject to the FOIA.

Appellee had previously argued, and we held, that such reports were court records not subject to disclosure under the Act. In light of the Solicitor General's concession, the U.S. Supreme Court vacated our earlier judgment, 730 F.2d 1 (1st Cir.1984), and remanded the case to us, —— U.S. ——, 105 S.Ct. 317, 83 L.Ed.2d 255.

█ The Parole Commission now argues that even though the presentence report is an agency record, it is exempt from disclosure, and it seeks to raise claims of exemption not previously made before us or the district court. The Commission, however, proffers absolutely no reason why it did not previously argue all applicable exemptions. That a deliberate choice had been made with regard to exemptions is shown by the fact that it did advance one. *Cf. Carson v. U.S. Dept. of Justice*, 631 F.2d 1008, 1015 n. 29 (D.C.Cir.1980) (government raised no exemptions below, relying entirely on agency vs. court records issue); *Berry v. Dept. of Justice*, 733 F.2d 1343, 1352 n. 13 (9th Cir.1984) (same). We find unpersuasive the reasoning of the Fifth Circuit in support of its decision in the identical situation to allow consideration of newly raised exemptions, *Cotner v. United States Parole Commission*, 747 F.2d 1016 (5th Cir.1984), and conclude that this case does not involve "extraordinary circumstances" warranting such consideration, *Ryan v. Dept. of Justice*, 617 F.2d 781, 792 (D.C. Cir.1980).

"The key is that assertion of the exemption originally [must have been] barred by legal doctrine, and only now is available. The exception should not apply when the exemption was available but the government, as the result of a deliberate, tactical decision, simply chose not to assert it. This is 'tactical maneuvering' [and] the consequence is [that] the exemption claim comes too late." *Lykins v. Asst. Atty. Gen.*, 608 F.Supp. 693, 696 (D.D.C.1984).

*See Jordan v. U.S. Dept. of Justice*, 591 F.2d 753, 780 (D.C.Cir.1978) (*en banc*). Were we to rule otherwise on the facts of this case we would be elevating routine recourse to hindsight to the level of "extraordinary circumstances."

█ We thus consider only exemption 3, 5 U.S.C. § 552(b)(3), which the Commission raised previously. It states that the FOIA does not apply to matters that are

"specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."

The Commission seems to argue that Fed.R.Crim.P. 32 and 18 U.S.C. § 4208, the Parole Act, or some combination of the two of them, meet the requirements of § 552(b)(3). We find the Commission's argument unpersuasive. Under the Parole Act, the Parole Commission must furnish the prisoner with "reasonable access" to the presentence report, 18 U.S.C. § 4208(b)(2), a requirement which unquestionably leaves discretion with the Commission to decide what matters should be released to the prisoner and in what form. Contrary to our previous opinion in this case, the Solicitor General has conceded that that discretion also includes the power to furnish defendants with copies of their presentence reports. The extent of the discretion is unimportant; subsection A of § 552(b) requires that the agency have *no* discretion. And, since it is the prisoner himself who here asks for the document, whether the statute requires withholding such documents from *other* members of the public is of no consequence in this particular case.

As to subsection B, it does appear that the Parole Act, § 4208(c), "refers to particular types of matters to be withheld." The section specifically excludes from the "reasonable access" provision three types of information: potentially disruptive diagnostic opinions, documents which reveal confidential sources of information, and other potentially harmful information. Appellant

argues that this section can not apply because he already has seen his entire report. The Commission plausibly responds that there is a distinction between reviewing the report and obtaining a copy of it, and that denial of an opportunity to retain a copy of the report means that it was "withheld" under § 4208(c).

We agree that a presentence report that has been seen but not retained by the defendant logically could be considered "withheld" under § 552(b)(3), but we need not reach that issue in this case. The Commission has not convinced us that the exemption would be applicable even if appellant had never seen his report. There is no indication that the Commission refused to release the document because it contained matters which would fall under § 4208(c). It seems unlikely that exemption 3 would allow withholding of the presentence report simply because § 4208 is a statute which "refers to particular types of matters to be withheld", even if none of the types of materials specifically excluded under § 4208(c) is involved.

> "Nondisclosure is countenanced by Subsection (B) if, but only if, the enactment is the product of congressional appreciation of the dangers inherent in airing particular data and incorporates a formula whereby the administrator may determine precisely whether disclosure in any instance would pose the hazard that Congress foresaw." *American Jewish Congress v. Kreps*, 574 F.2d 624, 628–29 (D.C.Cir.1978).

Surely, the listing of the three exceptions in subsection (c) of § 4208 must be viewed as the product of Congress' balancing of competing interests and reflects its "appreciation of the dangers inherent in airing particular data." It appears to us that unless the information to be withheld is within that "particular data", it does not "pose the hazard" against which Congress sought to protect; the information thus would not fall within exemption 3.

The Commission appears to make another argument concerning the "particular types of matters" criterion, claiming that it is met because subsection b of § 4208 refers to "a report or other document to be used by the Commission in making its determination." On its face, however, this subsection addresses matters to be *disclosed*, not withheld, and the Commission has failed to demonstrate how its reading of § 4208(b) can be reconciled with the plain language of the subsection.

In addition to statutes referring to particular types of matters, subsection B of § 552(b)(3) covers statutes which establish "particular criteria for withholding." The Commission also appears to argue that § 4208 meets this second prong of subsection B. The Commission points to the competing policies at issue in disclosing a presentencing report—the prisoner's need to review the report before sentencing and the court's interest in the report's security—and emphasizes Fed.R.Crim.P. 32 as evidence of those competing interests. The Commission does not, however, point to "particular criteria", and we thus fail to see how § 4208 fits that part of the exemption 3 requirement.

We note finally that we have given little attention to whether Fed.R.Crim.P. 32 and § 4208 jointly preempt FOIA on the issue of presentence reports. The Commission raised this argument only in a footnote at the conclusion of its section on exemption 3 in its original brief to this court, and offered no convincing statutory analysis in support of the theory. We therefore have no basis for believing Congress intended to limit the FOIA in this manner. *Cf. Zale Corp. v. U.S. Internal Revenue Service*, 481 F.Supp. 486 (D.D.C.1979).[1]

For the foregoing reasons, we believe appellant is now entitled to a copy of his presentence report. We do not mean to suggest that presentence reports, or parts of them, can never be properly withheld under exemption 3. *See Berry v. Dept. of*

---

**1.** Even if Rule 32 on its own could be considered a "statute" under § 552(b)(3), it provides no more basis than does the Parole Act, for identical reasons, for the Commission's exemption 3 argument.

*Justice,* 733 F.2d 1343, 1354 n. 17 (9th Cir.1984) ("the FOIA will probably entitle defendants to copies of that which they were shown at sentencing and no more"). In this case, however, the Commission has failed to show why the FOIA's broad mandate of disclosure should not be honored.[2]

*The decision of the district court is reversed, and the Commission is directed to provide appellant with a copy of his presentence report.*

2. The Commission tries to make much of the fact that if presentence reports are not protected from disclosure under the FOIA, they would be available to third parties as well as to defendants such as appellant. We suspect that exemption 6 would be invoked when disclosure of presentence reports would implicate protectible privacy interests. *See Berry v. Dept. of Justice,* 733 F.2d 1343, 1353 (9th Cir.1984). Moreover, it may be that 18 U.S.C. § 4208 would meet Subsection A of 5 U.S.C. § 552(b)(3) when the person seeking disclosure is a member of the general public rather than the prisoner.