**In re Mohinder I. SINGH, d/b/a Professional Tax Service, Movant.**

**Misc. No. 94–55 SSH.**

United States District Court, District of Columbia.

March 2, 1995.

David H. Dickieson, Silverstein & Mullens, Washington, DC, for plaintiff.

William S. Block, Asst. U.S. Atty., Washington, DC, for defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

Before the Court is movant's motion for return of property pursuant to Fed. R.Crim.P. 41(e); movant's supplemental memorandum of points and authorities; movant's motion to compel deposition testimony; the government's January 23, 1995, response to movant's motion for return of property; the government's opposition to movant's motion for return of property and notice of deposition; and movant's reply. The Court finds no need for an evidentiary hearing in this matter. Upon consideration, movant's motion for return of property is denied, insofar as movant requests return of original documents still in the possession of the gov-

ernment, but the government is directed to copy all seized documents for movant at movant's expense. In addition, movant's motion to compel deposition testimony is denied as moot.

*Background*

Movant Singh owns and operates Professional Tax Service ("Pro–Tax"), an income tax return preparation and financial services business. The Internal Revenue Service ("IRS") began investigating Pro–Tax in June, 1993. On December 20, 1993, special agents of the IRS seized movant's business equipment and business files pursuant to search warrants issued by this Court and by the United States District Court for the Eastern District of Virginia. On January 7, 1994, after the execution of the two search warrants, a magistrate judge of this Court issued a seizure warrant authorizing the seizure of equipment seized in the search. The list of items to be seized pursuant to the seizure warrant did not include software, data files, business records, or personal records seized during the December searches.

On February 8, 1994, movant filed a Fed. R.Crim.P. 41(e) motion for return of property with this Court and requested expedited consideration on the matter. When the United States Attorney's Office agreed to allow movant access to key business records, a hearing on movant's motion was deferred indefinitely. On April 11, 1994, administrative forfeiture proceedings were initiated by the IRS against the seized property. Movant filed a Claim of Ownership and a Cost Bond with the IRS, and the forfeiture proceedings were referred to the United States Attorney's Office for the District of Columbia.[1] During the remaining months in 1994, movant and the United States Attorney's Office were attempting, without success, to reach a resolution as to the return of the seized property.

On January 11, 1995, movant filed a supplemental memorandum of points and authorities in support of his motion for return of property. This Court held a status hearing on January 12, 1995, and requested the

government file a brief in response to movant's motion and supplemental memorandum. On January 23, 1995, the government filed a response stating that it "did not oppose the motion for return of seized property."

Movant and the government apparently did not reach a mutual understanding as to what property would be returned, however. At a status hearing on February 1, 1995, movant argued that the government had essentially conceded that all property taken in the search should be returned to movant. The Assistant United States Attorney argued that the government's agreement to return the "seized property" went only to that property listed on the seizure warrant, and did not apply to the paper documents and records seized during the December, 1993, searches but not listed on the seizure warrant. This Court ordered the return of the equipment listed on the seizure warrant and ordered the government to file a response to movant's motion with respect to the remaining items in question. On February 3, 1995, the government returned all of movant's equipment listed on the January, 1994, seizure warrant.

As of this date, no indictment or information has been returned against movant. However, movant currently is the subject of an ongoing grand jury investigation.

*Movant's Motion for Return of Property*

### Equitable Jurisdiction

▉ Movant has moved for return of the documents, records, and other property not yet returned, pursuant to Fed.R.Crim.P. 41(e). Rule 41(e) provides, in pertinent part:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision on the motion. If the motion is granted, the property shall

---

1. It does not appear from the record that a forfeiture claim has been filed at this time. *See* Movant's Reply Brief in Support of Motion for

Return of Property at 2 ("Assistant U.S. Attorney William Block.... promised to file a forfeiture claim within 90 days").

be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings....

Rule 41(e) was amended in 1989 to recognize the right of a property owner to obtain return of lawfully seized property. Rule 41(e), Advisory Committee Notes, 1989 Amendment. Before the 1989 amendment, only those persons aggrieved by an unlawful search and seizure could seek return of the seized property under Rule 41(e). Movant takes no position in his motion for return of property as to whether his property was unlawfully seized; rather, he contends that he is unduly aggrieved by the continued possession of his property by the government.

■ District courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant. *See Ramsden v. United States*, 2 F.3d 322 (9th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1624, 128 L.Ed.2d 349 (1994); *United States v. Martinson*, 809 F.2d 1364, 1366–67 (9th Cir.1987). Rule 41(e) motions filed prior to the return of an indictment or information are treated as civil equitable proceedings. *In re Search of Kitty's East*, 905 F.2d 1367, 1370 (10th Cir.1990); *Richey v. Smith*, 515 F.2d 1239 (5th Cir.1975). Movant has filed a preindictment Rule 41(e) motion. Because this Court is therefore exercising its equitable jurisdiction in this proceeding, it must exercise "caution and restraint" before assuming jurisdiction over the motion. *Kitty's East*, 905 F.2d at 1370.

■ The Ninth Circuit in *Ramsden v. United States* noted that circuit courts had enumerated certain factors for a district court to consider prior to reaching the merits of a preindictment Rule 41(e) motion, citing favorably to the four factors enumerated in *Richey v. Smith*. *Ramsden*, 2 F.3d at 324–25. The *Ramsden* court noted that the Fifth Circuit in *Richey* listed the following factors for a court to consider in deciding whether to entertain a preindictment Rule 41(e) motion:

(1) whether the Government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need

for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of his grievance.

2 F.3d at 325 (citing *Richey*, 515 F.2d at 1243–44). Applying each of the *Richey* factors in turn, this Court finds that it should exercise its equitable jurisdiction over the merits of movant's motion.

Applying the first *Richey/Ramsden* factor, the Court finds that the government has not displayed a callous disregard for movant's rights. Agents of the IRS lawfully searched movant's home and office and seized movant's equipment and records pursuant to two search warrants. Following those actions, movant and the government quickly reached an oral agreement that allowed movant access to key business records seized by the IRS. The government has not been idle in pursuing its case against movant; it has been investigating movant since the December 1993 searches, and a grand jury investigation of movant is now proceeding. Finally, the government recently conceded movant's motion for return of property as to the equipment listed in the seizure warrant, and the government has since returned that equipment to movant. Under these circumstances, this Court cannot find that the government has acted with "callous disregard" for movant's rights.

Second, the Court finds that movant has proven a compelling individual interest in and need for the property. Movant's business is that of preparing income tax returns. The approximately 25,000 tax returns and other business documents still in the government's possession are clearly integral to movant's business. *See Ramsden*, 2 F.3d at 325 ("Ramsden has established an individual interest in and need for the documents ... [which] derives from the fact that the documents are necessary for Ramsden to run his business").

The Court further finds that movant would not be irreparably harmed if the government retains possession of the originals of the seized documents and records. While mov-

ant states that it is a hardship to have to "seek permission" from the government to obtain access to his business records, movant has not adequately established irreparable harm. Put another way, movant has not established that copies of the seized documents will not fulfill his business needs. *See Ramsden,* 2 F.3d at 326; *see also In re 6455 South Yosemite,* 897 F.2d 1549, 1557 (10th Cir.1990) (noting that "if appellant ... is to establish irreparable injury, it must be because of an ongoing business need to recover original copies of the documents seized....")

Finally, the fourth *Richey/Ramsden* factor requires the Court to examine whether movant has an adequate remedy at law for the redress of his grievance. In *Ramsden,* the Ninth Circuit found that movant Ramsden lacked an adequate remedy at law because the government "did not plan to prosecute Ramsden" and Ramsden therefore lacked an opportunity to later challenge the warrantless seizure of certain documents. *Ramsden,* 2 F.3d at 326. The present situation obviously differs from that in *Ramsden.* Unlike the movant in *Ramsden,* movant is the subject of a grand jury investigation; the government apparently "plans to prosecute" movant. But movant has taken no position (and need not under Rule 41(e)) that the seizure of his business documents was unlawful. Rather, movant argues that he is aggrieved by the government's continuing possession of those documents. The grievance movant asserts is not related to the initial search, but to the government's retention of his business records for fourteen months. It begs the question merely to state that movant may or will in the future have an opportunity to contest the seizure itself. The Court therefore finds that movant currently lacks an adequate remedy at law to redress the government's continued retention of his business documents.[2]

In sum, the Court finds that two of the four *Richey* factors are satisfied in this instance. Although the government assuredly has not acted with "callous disregard" for movant's rights, movant has established a compelling interest in and need for the business documents currently in the government's possession. While movant has not shown that he is suffering or will suffer irreparable harm due to the government's retention of the originals of his business documents, he has shown that he has no adequate remedy at law for the redress of his grievance. On balance, this distribution of factors weighs in favor of the Court's exercising jurisdiction over movant's motion. *See Ramsden,* 2 F.3d at 326 (where three of four *Richey* factors satisfied, "the balance of equities tilts in favor" of reaching the merits). The Court therefore finds that it properly may reach the merits of movant's motion for return of property.

### The Merits of Movant's Motion

■ The Advisory Committee Notes to the 1989 Amendment to Rule 41(e) provide that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." The Advisory Committee Notes further provide that the government's retention of seized property "generally is reasonable" if the United States has a need for the property in an investigation or prosecution. However, the Notes also state that "if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." Finally, the Notes state that "reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners and holders." In short, "the spirit of Rule 41(e) is one of compromise." *Ramsden,* 2 F.3d at 327.

The property remaining in the possession of the government consists solely of documents, movant's equipment having been returned to him on February 3, 1995. In his original motion for return of property, movant requested the Court to order copies of his "paper files" made, at movant's expense. See Movant's Memorandum of Points and Authorities in Support of Motion for Return of Property at 22. Just as movant has made

---

**2.** In addition, the Court would note that movant would not be able to contest the seizure and/or retention of his business documents in a civil forfeiture proceeding. The business records were not listed in the seizure warrant and therefore are not susceptible to civil forfeiture.

no showing that copies of his business documents would not be adequate for movant to continue conducting his business, the government has made no argument that providing copies of movant's documents to him, at movant's expense, would somehow thwart the progress of their ongoing investigation. Accordingly, and in keeping with the "spirit of compromise" embodied in the amended Rule 41(e), this Court finds that movant is entitled to have copies made of all documents still in the government's possession for movant's use, at movant's expense, using such protective techniques as the government deems appropriate to maintain the integrity of the originals. The government shall retain possession of all the originals of movant's documents.

*Movant's Notice of Deposition under Fed. R.Civ.P. 30(b)(6)*

 In addition to movant's motion for return of property, movant has served a Notice of Deposition upon the United States pursuant to Fed.R.Civ.P. 30(b)(6), which the United States opposes. Movant has also filed a motion to compel deposition testimony, pursuant to the Notice of Deposition. Movant maintains that since his motion for return of property under Fed.R.Crim.P. 41(e) is to be treated as a civil equitable action to recover personal property, movant may utilize and benefit from all of the discovery rules, including Rule 30(b)(6), set forth in the Federal Rules of Civil Procedure. Since this Court has found that no need exists for an evidentiary hearing on movant's motion, and since the Court has reached and resolved the merits of movant's motion, a deposition, if allowed, would serve no constructive purpose. Movant's motion to compel deposition testimony is therefore denied as moot.

For the foregoing reasons, the Court denies movant's motion for return of property insofar as movant requests return of the original documents still in the possession of the government. However, the government is directed to provide copies of all documents still in the government's possession to movant at movant's expense, using such protective techniques as the government deems appropriate to maintain the integrity of the originals. In addition, movant's motion to compel deposition testimony is denied as moot. An appropriate Order accompanies this Opinion.

*ORDER*

For the reasons stated in the Court's accompanying Opinion, it hereby is

ORDERED, that movant's motion for return of property is denied, insofar as movant requests return of the original documents still in the possession of the government. However, the government is directed to provide copies of all documents still in the government's possession to movant, at movant's expense, using such protective techniques as the government deems appropriate to maintain the integrity of the originals. It hereby further is

ORDERED, that movant's motion to compel deposition testimony is denied as moot.

SO ORDERED.