Pacamor Bearings v. Minebea Co.        CV-90-271-SD  04/26/96
                UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Pacamor Bearings, Inc.;
William McCarthy, Esq., as
 Trustee for the Bankrupt
 Estate of Kubar Bearings, Inc.;
Wells Fargo Bank, N.A.


        v.                                    Civil No. 90-271-SD


Minebea Co., Ltd.;
Nippon Miniature Bearings Corporation;
New Hampshire Ball Bearings, Inc.


                        O R D E R


     Defendants have moved "to enforce settlement terms."  The

intervenor, Augustine J. Sperrazza, Jr., has filed his objection.

The court has heard oral argument and received offers of proof

with respect to the issues thus raised.


1.  Background

     Sperrazza is the former principal of plaintiffs Pacamor

Bearings, Inc. (Pacamor) and Kubar Bearings, Inc. (Kubar).  In

the course of earlier bankruptcy proceedings, the claims of

Pacamor and Kubar were ordered abandoned to the plaintiff Wells

Fargo Bank (WFB).[1]

Sperrazza and WFB entered into a "litigation agreement" whereby, for consideration stated, both parties agreed to cooperate in the preparation and trial of the instant litigation.

This case was scheduled to commence jury trial in this court on April 16, 1996. Shortly before the jury was to be selected, counsel advised the court that the case had been settled.

At the request of counsel, the court reporter recorded the general outline of the terms of such settlement. For purposes of the motion now before the court, the relevant portion of such outline concerned mutual nondisparagement agreements, which were to be the several (as opposed to joint and several) obligations of the respective parties. The reasons stated for desiring to include such terms in any settlement were that each settling party was to be responsible for its own conduct, compliance, and obligations with the settlement agreement, and not responsible for other parties over which it had no control.

Thereafter, drafts of the proposed settlement agreement were exchanged. These provided that Sperrazza individually, as opposed to as an officer/director of Pacamor/Kubar, would agree to maintain confidentiality of the settlement amount and refrain

---

[1]This abandonment is described in Pacamor Bearings, Inc. v. Minebea Co., Ltd, 892 F. Supp. 347, 357-58 (D.N.H. 1995).

2

from disparaging the parties to this litigation, their products, and businesses based on any claims asserted or which could have been asserted in the litigation subject to certain penalties.

Unfortunately, Sperrazza was not privy to any settlement discussions, nor was he represented by any counsel of record in these proceedings. It appears that while the case was pending he had retained personal counsel, to whom he turned from time to time for such advice as he required.

When approached with the request to execute the settlement agreement, Sperrazza refused to execute such individually, as opposed to as an officer/director of Pacamor/Kubar.[2] He also objected to the inclusion of any liquidated damage clause in the agreement. His ground for such position is that he still competes with the defendants and that, in any event, he should not be prevented from discussing matters which were fully disclosed prior to and during the course of the litigation.

## 2. Discussion

It is clear to the court that plaintiffs' counsel, Attorney Sleasman, never had authority, actual or apparent, to bind

---

[2]Originally it appeared that Sperrazza would not agree to execute in his capacity as officer/director of Pacamor/Kubar. However, at the hearing on the motion, his counsel agreed that he would be willing to sign any settlement in such capacity.

3

Sperrazza to the terms of the proposed settlement agreement.  New Hampshire law holds that in considering whether a settlement has been effected, "the critical inquiry in determining its enforceability is whether the lawyer was authorized by the client to make the agreement.  <u>Halstead v. Murray</u>, 130 N.H. 560, 566, 547 A.2d 202, 205 (1988)."  <u>Bock (Lindstrom) v. Lindstrom</u>, 133 N.H. 161, 164, 573 A.2d 882, 884 (1990).  And where a party never agrees to the conditions of a settlement, there is no agreement to enforce, as "fundamental in the making of a valid contract by offer and acceptance is the requirement that an offer be accepted unconditionally."  <u>Arapage v. Odell</u>, 114 N.H. 684, 686, 327 A.2d 717, 718 (1974) (citations omitted).

An invocation of the All Writs Act, 28 U.S.C. § 1651(a) does not advance the cause of the movants.[3]  There is no court order the implementation of which can be furthered by directing Sperrazza to individually execute the terms of the proposed settlement agreement.  <u>United States v. New York Tel. Co.</u>, 434 U.S. 159, 172 (1977).  The statute is to be "invoked only as a last resort--it is not a 'catch-all' statute granting jurisdiction when all else fails."  <u>Mongelli v. Mongelli</u>, 849 F.

---

[3]28 U.S.C. § 1651(a) provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

4

Supp. 215, 220 (S.D.N.Y. 1994).


3.  Conclusion

The motion is denied, and the court will not enter the order proposed by the defendants.  However, finding that Mr. Sperrazza agrees, and further finding that he is bound to do so, the court herewith does order Mr. Sperrazza to:

1.  Refrain in any capacity from disclosing the amount of any settlement of this litigation and

2.  Execute any documents concerning confidentiality and nondisparagement in his capacity as officer/director of Pacamor/ Kubar.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

April 25, 1996

cc:  All Counsel

5