Invest Almaz v. Temple-Inland      CV-97-374-JM  11/22/99

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Invest Almaz**

    **v.**                                            Civil No. 97-374-JM

**Temple-Inland Forest**
**Products Corporation**


## MEMORANDUM AND ORDER

Defendant Temple-Inland Forest Products Corporation has requested that this Court allow a jury to decide Invest Almaz's claim of unjust enrichment. <u>See</u> Def.'s Mem. (document no. 60) at 1, 3. For the reasons set forth below, I deny Temple-Inland's request.

Federal Rule of Civil Procedure 38(a) guarantees that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). Invest Almaz's claim of unjust enrichment does not arise under any federal statute. The question presented by Temple-Inland's request, therefore, is whether the Seventh Amendment preserves a right to trial by jury on a claim of unjust enrichment. To answer this question, I must determine whether an unjust enrichment claim constitutes a legal action, which gives rise to a right to trial by jury preserved by the Seventh

Amendment, or an equitable action, which includes no such entitlement. See Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564-65 (1990); In re Evangelist, 760 F.2d 27, 29 (1st Cir. 1985).

The United States Supreme Court has established a two-step inquiry for determining whether a given action is legal or equitable in nature. Under this inquiry, I must examine both: (1) the nature of the issues involved in the action, and (2) the nature of the remedy sought by the plaintiff. See Terry, 494 U.S. at 565; Tull v. United States, 481 U.S. 412, 417-18 (1987).

The first step of the inquiry requires a comparison of the asserted claim with the "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." Terry, 494 U.S. at 565 (quoting Tull, 481 U.S. at 417). While it has been said that "[t]he origins of unjust enrichment are both legal and equitable," Medtronic, Inc. v. Intermedics, Inc., 725 F.2d 440, 443 (7th Cir. 1984), I note that under New Hampshire law unjust enrichment has traditionally been understood as an equitable action. See, e.g., Cohen v. Frank Developers, Inc., 118 N.H. 512, 518 (1978) ("The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity.") (quoting American Univ. v. Forbes, 88 N.H. 17, 19-20 (1936)).

2

The second step of the inquiry, which the Supreme Court has described as the more important part of the analysis, requires that I determine whether the remedy sought by the plaintiff is legal or equitable in nature. Terry, 494 U.S. at 565. In the present case, Invest Almaz seeks restitution for alleged unjust enrichment. Temple-Inland suggests that because Invest Almaz asks for "monetary relief" to prevent unjust enrichment, the claim must be an action for legal damages. See Def.'s Mem. at 2. It is well-established, however, that "not all claims for monetary relief are legal in nature." In re Evangelist, 760 F.2d at 30 (quoting Gartenberg v. Merrill Lynch Asset Management, Inc., 487 F. Supp. 999, 1006 (S.D.N.Y. 1980)). Restitution is a prime example of a form of monetary relief that courts impose as an equitable remedy. See Terry, 494 U.S. at 570; In re Evangelist, 760 F.2d at 30, 31; Pacamor Bearings, Inc. v. Minebea Co., Ltd., 892 F. Supp. 347, 356 (D.N.H. 1995); Pella Windows and Doors, Inc. v. Faraci, 133 N.H. 585, 586 (1990); see also 8 James Wm. Moore et al., Moore's Federal Practice, § 38.31[9][a] (3d ed. 1999).

Because unjust enrichment has historical roots in equity, and more particularly because restitution is an equitable form of monetary relief, I conclude that Invest Almaz's unjust enrichment claim is equitable and not legal in nature. Therefore, the claim

3

does not trigger a right to trial by jury protected by the Seventh Amendment.[1]  Accordingly, Temple-Inland's request for a jury trial on the unjust enrichment claim is denied.

    **SO ORDERED.**


                                     _____
                                       James R. Muirhead
                                     United States Magistrate Judge


Date: November 22, 1999

cc:  Michael C. Harvell, Esq.
     Mark H. Alcott, Esq.
     Russell F. Hilliard, Esq.

---

[1]  The First Circuit has held that the joinder of an equitable claim with other, legal claims does not create a right to a jury trial on the equitable claim.  See In re Evangelist, 760 F.2d at 32.  However, when there are factual issues common to both legal and equitable claims, "the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims."  Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479 (1962); see also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510-11 (1959).

4