Hall v. GMAC Mortgage, et al.          10-CV-158-SM   3/4/11

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Robin Hall,
     Plaintiff

     v.                                    Case No. 10-cv-158-SM
                                           Opinion No. 2011 DNH 034
Mortgage Electronic
Registration Systems, Inc.,
and GMAC Mortgage, LLC,
     Defendants


O R D E R


     Plaintiff seeks to voluntarily dismiss her complaint without

prejudice.  Defendants object.


     Rule 41 of the Federal Rules of Civil Procedure provides, in

pertinent part, that:

          [T]he plaintiff may dismiss an action without a
     court order by filing:

               (I) a notice of dismissal before the opposing
     party serves either an answer or a motion for summary
     judgment;

Fed. R. Civ. P. 41(a)(1)(A).  Subject to an exception not invoked

by defendants, the rule also provides that such a dismissal shall

be without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).  See also

Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Medical

Educ., 760 F.2d 14, 19 (1st Cir. 1985) ("[T]he plaintiff had the

right voluntarily to dismiss the case at any time before an

answer or a motion for summary judgment was served. The plaintiff properly invoked that right, and the district court had no power to condition its dismissal.").

Defendants did not file an answer to plaintiff's complaint. Defendants have, recently, filed a motion to dismiss (document no. 12), and earlier filed a pleading styled "Defendants . . . Motion for Entry of Judgment" (document no. 9). A motion to dismiss does not preclude a plaintiff from invoking his or her right under Rule 41(a)(1)(A) to voluntarily dismiss an action without prejudice. As the Court of Appeals for the Third Circuit observed:

> Because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice. Only when a motion filed under Fed. R. Civ. P. 12(b)(6) is converted by the district court into a motion for summary judgment does it bar voluntary dismissal.

In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166 (3d Cir. 2008) (citations and footnote omitted). See also Manze v. State Farm Ins. Co., 817 F.2d 1062, 1066 (3d Cir. 1987) (collecting cases).

Accordingly, in this case, plaintiff cannot unilaterally withdraw her complaint (without prejudice) only if defendants'

2

motion "for judgment" (document no. 9) qualifies as a motion for summary judgment. <u>See</u>, <u>e.g.</u>, <u>Universidad Cent. Del Caribe</u>, 760 F.2d at 19 ("Rule 41(a)(1) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court.  Other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(A)(I).") (quoting <u>D.C. Electronics, Inc. v. Nartron Corp.</u>, 511 F.2d 294, 298 (6th Cir. 1975)).

Defendants' motion "for judgment" is mildly ambiguous, in the sense that it refers in the caption to "entry of judgment," and in the body invokes (curiously) Rule 58 (having to do with the <u>process</u> of entering a judgment).  The pleading does not invoke Fed. R. Civ. P. 56, does not plainly seek "summary judgment" on grounds that the material facts are undisputed and, given those undisputed facts, defendants are entitled to judgment as a matter of law, and, indeed, the specific relief sought in the motion is dismissal ("WHEREFORE, Defendants respectfully request this Honorable Court to dismiss Plaintiff's Petition without prejudice.").  Had counsel sought summary judgment, it is safe to assume that they would have filed a traditional and familiar motion, properly captioned, under Rule 56, supported by

3

affidavits and the required statement of undisputed facts, and would have asked for entry of judgment as a matter of applicable law in defendants' favor. However curiously styled and composed the earlier motion (document no. 9) was not a motion for summary judgment, and, of course, the court did not treat it as such.

## Conclusion

Given the plain language of Rule 41(a)(1), "[defendants] cannot complain that the plaintiff exercised her prerogative under the rule when [defendants] could have prevented voluntary dismissal simply by answering the complaint[,]" Manze, 817 F.2d at 1066, or by filing a motion for summary judgment. Plaintiff's complaint is dismissed without prejudice. (The motion (document no. 14) is construed as a notice of dismissal, and requires no ruling.) Defendants' motion to dismiss (document no. 12) is denied as moot. The Clerk of Court shall close the case.

SO ORDERED.

_____
Steven J. McAuliffe
Chief Judge

March 4, 2011

cc:  Steven J. Venezia, Esq.
     Brian S. Grossman, Esq.
     Christopher A. D. Hunt, Esq.

4