**Michael Alan CROOKER, Plaintiff,**

v.

**U. S. DEPARTMENT OF STATE,
Defendant.**

Civ. A. No. 78-1867.

United States District Court,
District of Columbia.

Oct. 30, 1979.

Michael Alan Crooker, pro se.

Diane M. Sullivan, Asst. U. S. Atty.,
Washington, D. C., for defendant.

MEMORANDUM ORDER AND OPINION

JOYCE HENS GREEN, District Judge.

Seeking disclosure, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, of any Federal Bureau of Investigation (FBI) records maintained under his name by defendant United States Department of State, plaintiff Michael Alan Crooker, a federal prison inmate who is appearing *pro se* and *in forma pauperis*, has moved for summary judgment and requested that he be awarded attorney fees. Defendant likewise has asked that summary judgment be granted in its favor. There being no material fact in dispute between the parties, the Court will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment as well as his application for attorney fees.

### Facts

Plaintiff's FOIA request to defendant for all FBI files maintained under his name was made on August 1, 1978. After receiving no response, plaintiff instituted this action. His complaint was received by the Court on September 28, 1978, and was filed on October 6, 1978. By letter dated October 5, 1978, the State Department responded to plaintiff's request and notified him that the thirteen pages of FBI documents he sought had been referred to the FBI as a result of his earlier January 1977 request for State Department documents and were released to him by the Bureau on April 17, 1978.

### Plaintiff's Request for Documents

Plaintiff's single contention with regard to the thirteen pages of documents in question is that under section 552 the State Department must release the materials directly to plaintiff, regardless of their origin. In considering plaintiff's assertion, the Court notes that on at least two other occasions, judges of this court have held that FOIA plaintiffs "will not be permitted to

litigate the same documents against more than one agency." *Lynas v. United States Department of State*, Civ. No. 76–1880, slip. op. at 2 (D.D.C. Nov. 30, 1978); *accord, Serbian Eastern Orthodox Diocese v. CIA*, 458 F.Supp. 798, at 800–801 (D.D.C. 1978). Likewise, the Court finds there is no requirement that the agency from which the documents are requested release copies of those materials when the originating agency has already done so, as the FBI has done in this instance.* The plaintiff's contention is patently without merit.

*Plaintiff's Request for Attorney Fees*

Under the Freedom of Information Act, attorney fees can be awarded to litigants, pro se or otherwise, who have "substantially prevailed" in their litigation with the government. 5 U.S.C. § 552(a)(4)(E) (1976). While a plaintiff may be found to have substantially prevailed in litigation that is aborted by the government's release of the requested documents prior to a final judgment on the merits, *Cuneo v. Rumsfeld*, 180 U.S.App.D.C. 184, 188–89, 553 F.2d 1360, 1364–65 (1977); *see Cox v. United States Department of Justice*, 195 U.S.App. D.C. 189, 194, 601 F.2d 1, 6 (1979), when, as here, the documents in question were released prior to both the initial FOIA request to defendant and the instant lawsuit, the Court fails to see how plaintiff could be found to have substantially prevailed in this litigation so as to meet the statutory prerequisite for an award of attorney fees. His request for attorney fees is therefore denied.

Accordingly, the Court grants summary judgment in favor of defendant and denies plaintiff's motions for summary judgment and attorney fees.

---

* Although it has not been made a part of the record in this action, the Court notes that in the record of a related action by plaintiff against the FBI, which is also before the Court and in which a memorandum opinion and order is entered this date, there is a letter from the Bureau concerning a release of documents that informs plaintiff the documents referred by the State Department are included in that release. Affidavit of Tron W. Brekke, Exhibit F, *Crooker v. United States Department of Justice*, Civ. No. 78–1820 (D.D.C., filed July 30, 1979).