**Michael Alan CROOKER,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 80–1095.

United States Court of Appeals,
First Circuit.

Submitted April 10, 1980.

Decided April 30, 1980.

James R. Rosencranz, Boston, Mass., by appointment of the court, on brief for petitioner-appellant.

Edward F. Harrington, U. S. Atty., and Charles K. Mone, Asst. U. S. Atty., Boston, Mass., on brief for respondent-appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

In his appeal from the denial of his third motion to vacate sentence under 28 U.S.C. § 2255, Michael Crooker complains of the introduction of evidence at his mail threats and conspiracy trial that he had orally threatened probation officer Michael McCartney, the recipient of one of the threatening letters Crooker was accused of sending. Crooker contends that, because he had been acquitted in the Massachusetts Superior Court of charges involving oral threats to McCartney, the admission at his federal trial of such threats to McCartney violated the doctrine of collateral estoppel.

We agree with the Government that the answer to Crooker's argument is found in *United States v. Smith*, 446 F.2d 200 (4th Cir. 1971). There, subsequent to a state court trial at which the defendant was acquitted of uttering a postal money order, evidence concerning the defendant's negotiation of that money order was introduced at his federal trial for unlawful possession of another postal money order. In explaining why the admission of such evidence did not violate the collateral estoppel doctrine, the court said the following:

> The doctrine of collateral estoppel is indeed applicable in criminal cases [citations omitted] but it is fundamental that the party estopped from relitigating issues must have been a party to the initial litigation. [citation omitted] The federal government is neither the same as nor in privity with the State of Virginia and

therefore is not barred from relitigating facts resolved in defendant's favor in the former prosecution.

*Id.* at 202. We agree with this reasoning, as do other courts who have held that the doctrine of collateral estoppel does not prevent the federal government from relitigating issues resolved in a defendant's favor in a prior state court prosecution. *E. g., United States v. Agee,* 597 F.2d 350, 360 (3rd Cir.) (en banc), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979); *United States v. Hayes,* 589 F.2d 811, 819 (5th Cir.), *cert. denied,* 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979); *United States v. Mikka,* 586 F.2d 152, 154 (9th Cir. 1978), *cert. denied,* 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979); *United States v. Panebianco,* 543 F.2d 447, 456 (2d Cir. 1976), *cert. denied sub nom. Anatala v. United States,* 429 U.S. 1103, 97 S.Ct. 1128, 51 L.Ed.2d 553 (1977); *United States v. Johnson,* 516 F.2d 209, 211–12 (8th Cir.), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975); *United States v. Hutul,* 416 F.2d 607, 626 (7th Cir. 1969), *cert. denied sub nom. Sacks v. United States,* 396 U.S. 1007, 90 S.Ct. 562, 24 L.Ed.2d 499 (1970). *See also Turley v. Wyrick,* 554 F.2d 840, 842 (8th Cir. 1977), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978). We see nothing in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), in any of the other cases relied on by Crooker, or in recent developments in the law of collateral estoppel that would bar the United States from relitigating an issue decided in a state court proceeding at which it was not a party and was not heard.*

---

* We need not address the Government's alternative argument under *United States v. Smith,* 446 F.2d 200, 202–03 (4th Cir. 1971), *i. e.,* that

Crooker failed to carry his burden of showing that the facts he wanted excluded were necessarily determined by the state court acquittals.