**Michael Alan CROOKER, Plaintiff,**

v.

**UNITED STATES MARSHALS
SERVICE, Defendant.**

**Civ. A. No. 83–1648.**

United States District Court,
District of Columbia.

Oct. 28, 1983.

Michael Alan Crooker, pro se.

Patricia D. Carter, Asst. U.S. Atty.,
Washington, D.C., for defendant.

MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action is before the Court on plaintiff's motion for summary judgment and defendant's motion to dismiss or in the alternative, for summary judgment. For the reasons stated below, the Court denies plaintiff's motion for summary judgment and grants defendant's motion to dismiss.

On March 24, 1983, defendant United States Marshals Service ("Marshals Service" or "agency") received by mail a request from plaintiff Michael Alan Crooker. Plaintiff's letter dated March 19, 1983, requested any records that were maintained under his name by the agency. On April 2, 1983, the agency advised plaintiff by letter that it had received his request and had construed it to be a Privacy Act request pursuant to 5 U.S.C. § 552a. The letter also informed plaintiff that the agency had a significant backlog of prior requests and that it was the practice of the agency to process the requests by the order in which they were received by the agency. Finally, the letter requested that plaintiff complete a form certifying his identity. The completed form was received by the Marshals Service on April 11, 1983, and the agency subsequently has begun its search for plaintiff's requested documents. To date, no records have been withheld from plaintiff. Plaintiff has also not received any of the documents under his Privacy Act request.

■ In order for a plaintiff to bring a Privacy Act action against an agency in federal court, he must first exhaust all administrative remedies. *Allen v. Henefin*, 2 G.D.S. § 81,056 (D.D.C., December 10, 1980); *Larsen v. Hoffman*, 444 F.Supp. 245, 256 (D.D.C.1977). If a plaintiff has failed to exhaust his administrative remedies that are available under the Privacy Act, the action must be dismissed. *Id.; Larsen v. Hoffman*, 444 F.Supp. at 256.

Plaintiff here has failed to exhaust his available administrative remedies. Under

the Privacy Act an agency is required to establish a process for administrative appeals. 5 U.S.C. § 552a(f)(4). Here an individual who is denied access to records concerning him may appeal that decision to the Assistant Attorney General, Office of Legal Policy, by filing a written appeal within 30 days of receipt of denial. 28 C.F.R. § 16.47. Plaintiff has not complied with this requirement. He has failed to exhaust his available administrative remedies.

 Even if plaintiff had exhausted all of the available administrative remedies, he cannot claim that the records requested have been constructively denied. The agency notified plaintiff that it intends to comply with his Privacy Act research request. Presently the agency is deluged with a high volume of Freedom of Information/Privacy Act requests. It has attempted to respond to all requests in as short a time as possible and to answer each request on a first-come, first-serve basis in accordance with *Open America v. Watergate Special Prosecutions Force*, 547 F.2d 605 (D.C.Cir.1976). The agency had indicated that there are over 400 requests that must be processed to completion before plaintiff's request can be completed. Affidavit of Florastine P. Graham at 6. It states that because of staffing cutbacks and the number of requests awaiting completion ahead of plaintiff's, it may not be until December 1983 before plaintiff's request is completed. *Id.* The agency is complying with plaintiff's request as quickly as possible. Presently, the agency is searching for plaintiff's records. Exhibit D, Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment. The Court should not interfere with that process. *See Open America v. Watergate Special Prosecutions Force*, 547 F.2d at 615–16 (if agency demonstrates diligence in processing plaintiff's request and plaintiff fails to show genuine urgency, courts should not give priority to plaintiff's request).