**Michael Alan CROOKER, Plaintiff,**

v.

**CIVIL DIVISION OF the UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**Civ. A. No. 83–2350.**

United States District Court,
District of Columbia.

Oct. 28, 1983.

Michael Alan Crooker, pro se.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This Freedom of Information Act ("FOIA") action is before the Court on defendant's motion to dismiss. For the reasons stated below, the Court grants defendant's motion to dismiss.

On March 22, 1983, defendant Civil Division of the United States Department of Justice ("agency"), received by mail a request from plaintiff Michael Alan Crooker which sought to update a previous FOIA request. Plaintiff's letter dated March 19, 1983, requested certain documents and records pertaining to himself. This request was interpreted to be only for documents not previously processed pursuant to prior requests. On March 23, 1983, the agency advised plaintiff by letter that it had received his request and that upon completion of a "certification of identity" form the agency would process his request. The completed form was received by the agency on April 4, 1983. On April 13, 1983, the agency advised plaintiff that a preliminary search indicated that the Civil Division of the Department of Justice might have records that were within the scope of his request and that the agency would notify him as soon as the records were located and disclosure determinations were made. On July 13, 1983, the agency notified plaintiff that it was able to locate three of the four files the agency believed were responsive to his request. Those files were released by the agency in their entirety to plaintiff. Plaintiff was also told that if he wished to have access to the fourth file, he should contact the FOIA Office of the Executive Office for the United States Attorney.

On August 9, 1983, the agency received a letter from plaintiff dated August 3, 1983, which notified the agency that he required information on two suits that had not been included in the July 13, 1983 release. The files of the two suits that were specified by plaintiff's August 3, 1983 letter were among a group of files previously processed. On August 12, 1983, the agency indicated to plaintiff by letter that the files identified in his August 3, 1983 letter would now be ordered and processed immediately. Finally, on September 1, 1983, plaintiff was advised by letter that the two additional files had been processed and that the agency was releasing all the records without deletions, so completing all of plaintiff's FOIA requests. An amendment to this letter was sent to plaintiff on Sep-

tember 6, changing the date of a letter referred to in the September 1 correspondence.

Defendant has filed a motion to dismiss, arguing that defendant has completely and satisfactorily responded to plaintiff's FOIA requests and because there is no basis to maintain and continue the lawsuit, it should be dismissed.

Certainly, once all the records, files and documents that have been requested have been produced, the substance of the action becomes moot. *Crooker v. U.S. Dept. of State*, 628 F.2d 9, 10 (D.C.Cir.1980); *accord Ackerly v. Ley*, 420 F.2d 1336, 1340 (D.C. Cir.1969).

Plaintiff has received all of his requested documents and for that reason, the case must be dismissed.