Michael Alan CROOKER, Plaintiff,

v.

CENTRAL INTELLIGENCE
AGENCY, Defendant.

Civ. A. No. 83–1717.

United States District Court,
District of Columbia.

Jan. 13, 1984.

Michael Alan Crooker, pro se.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment, plaintiff's opposition thereto, defendant's response to plaintiff's opposition, and plaintiff's supplemental memorandum.

The basis for defendant's motion is that plaintiff has failed to exhaust the administrative remedies that are available to him and so allege such exhaustion in the complaint. Based on all the evidence that is before the Court, including, but not limited to, plaintiff's December 11, 1983 letter to defendant requesting waiver of search fees, it is evident that plaintiff has failed to exhaust the administrative avenues that are available to him. Failure to exhaust available administrative remedies is grounds for dismissal. *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir.1979); *see also Morpurgo v. Board of Higher Education of City of New York*, 423 F.Supp. 704, 714 n. 26 (S.D.N.Y.1976) ("the Act requires complainants to exhaust their administrative remedies before bringing suit ... and failure to do so will result in dismissal"); *Satra Belarus, Inc. v. N.L. R.B.*, 409 F.Supp. 271, 272–73 (E.D.Wis. 1976) (administrative remedies that have not been exhausted make judicial review of FOIA matters premature).

For the reasons stated above, it is by the Court this 12th day of January 1984,

ORDERED that defendant's motion is granted; and it is further

ORDERED that this action is dismissed without prejudice.