**Michael Alan CROOKER, Plaintiff,**

v.

**UNITED STATES MARSHALS SERVICE, Defendant.**

Civ. A. No. 86–0810.

United States District Court, District of Columbia.

July 31, 1986.

Michael Alan Crooker, pro se.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Michael Alan Crooker is a pro se plaintiff who is currently incarcerated at the federal penitentiary in Petersburg, Virginia. Under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Crooker seeks an order directing defendant United States Marshals Service to produce agency records maintained by the Service in his name. The matter is before the Court on defendant's unopposed motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In consideration of the entire record in this case, the Court shall grant defendant's motion to dismiss with prejudice.

## DISCUSSION

The Court has conducted an exhaustive survey of federal court dockets to determine the number of FOIA and/or Privacy Act (5 U.S.C. § 552a) suits filed historically by plaintiff. This survey reveals that Crooker has become somewhat of an expert in FOIA/Privacy Act litigation. Since 1978, Crooker has filed at least *sixty* such actions.[1] *See infra*, Tables A–F.

On March 24, 1983, defendant in the present FOIA action received a letter from the plaintiff, which requested any records that were maintained by the defendant in his name. The Service construed Crooker's letter as a Privacy Act request, pursuant to 5 U.S.C. § 552a. The Service had a significant backlog of prior requests, and responded to such requests in the order in which they were received. *Crooker v. United States Marshals Service*, 577 F.Supp. 1217 (D.D.C.1983). When the Service responded to plaintiff's request in April of 1983, it made plaintiff aware of its

---

1. Crooker has filed FOIA and/or Privacy Act suits in district courts in the District of Columbia, First, and Second Circuits. He has sought information maintained in his name from the following federal agencies: (1) Department of Justice; (2) Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms; (3) Federal Bureau of Prisons; (4) United States Marshals Service; (5) Federal Bureau of Investigation; (6) United States Parole Commission; (7) United States Secret Service; (8) Central Intelligence Agency; (9) Office of the Pardon Attorney; (10) United States Postal Service; (11) Department of the Army; (12) Department of State; (13) Internal Revenue Service; (14) Office of the United States Attorney General; (15) Office of the United States Solicitor General; (16) Drug Enforcement Agency; and (17) United States Customs Service. *See infra* Tables A–F.

backlog, but advised him that it had begun to process his request. *Id.* Dissatisfied with the Service's response, Crooker filed suit in this Court (C.A. No. 83–1648). On October 28, 1983, Judge June Green of this Court granted the Service's motion to dismiss, because Crooker had failed to exhaust administrative remedies. *Id.* at 1217–18. Dismissal was *without prejudice.*

Subsequently, Crooker filed in this Court another FOIA case against the Service (C.A. No. 85–2599), alleging that defendant had illegally withheld records maintained in Crooker's name. The Service moved to dismiss, or, in the alternative, for summary judgment, contending that the information sought by plaintiff had been validly withheld under FOIA exemptions (b)(5) ("interagency or intra-agency memorandums or letters") and (b)(7) ("investigatory records compiled for law enforcement purposes"). Crooker failed to oppose the Service's motion. After evaluating the merits of the Service's exemption arguments, Judge Oberdorfer granted the motion *in toto,* and dismissed the FOIA complaint *with prejudice* (Order of December 16, 1985).

■ The res judicata implication of Judge Oberdorfer's order (*see also* Memorandum Opinion of December 16, 1985) is obvious with respect to the present FOIA action. Moreover, Crooker has failed again to oppose a motion to dismiss filed by the Service.[2] Therefore, after evaluation of the complaint and the merits of defendant's unopposed motion, the Court shall grant the Service's motion, and enter an order dismissing this action *with prejudice* (again).

■ Furthermore, given the plethora of FOIA and/or Privacy Act suits filed by plaintiff over the last eight years, which name several agencies as defendants time and time again, *see supra* note 1 and accompanying text, and the fact that plaintiff fails routinely to oppose motions to dismiss, *see, e.g., supra* note 2; *infra,* Tables A–F), it is evident that Crooker's litigation efforts have been for purposes of harassment—*i.e.,* not exercised in good faith as required by Fed.R.Civ.P. 11. Accordingly, as a sanction under Rule 11, the Court shall enter an order requiring the plaintiff, when filing any further FOIA and/or Privacy Act complaints in this Court that name any of the aforementioned agencies as defendants, to attach thereto a memorandum of law stating why the doctrine of res judicata does not bar the intended suit (i.e., a memorandum showing that the FOIA or Privacy Act request has not been previously ruled upon by a district court).

## TABLE OF CONTENTS

|   |   | PAGE |
|---|---|---|
| A. | TABLE OF AGENCY CASES | 1144 |
| B. | UNREPORTED CASES: DISTRICT OF COLUMBIA CIRCUIT | 1144–1148 |
| C. | REPORTED CASES: DISTRICT OF COLUMBIA CIRCUIT | 1148–1150 |
| D. | REPORTED CASES: FIRST AND SECOND CIRCUITS | 1150–1151 |
| E. | UNREPORTED CASES: FIRST AND SECOND CIRCUITS | 1152 |
| F. | INFORMATION REQUESTED FROM UNITED STATES ATTORNEY'S OFFICES | 1153 |

**2.** It should be noted that the Court recently granted an *unopposed* motion to dismiss in another FOIA case brought by Crooker against the Federal Bureau of Investigation (C.A. No. 86–0516, Order of June 30, 1986).

### A. TABLE OF AGENCY CASES

| AGENCY | Number of Cases filed in the D.C. Circuit naming agency | Number of Cases Appealed in the D.C. Circuit naming agency | Cases filed in the 1st and 2nd Circuit naming agency * |
|---|---|---|---|
| United States Department of Justice | 10 | 2 | 13 |
| United States Department of Treasury Bureau of Alcohol, Tobacco and Firearms | 8 | 4 | 2 |
| Federal Bureau of Prisons | 5 | 1 | 1 |
| United States Marshal's Service | 3 | | 2 |
| Drug Enforcement Administration | 2 | 1 | 7 |
| Federal Bureau of Investigation | 3 | 1 | 2 |
| United States Parole Commission | 2 | | |
| United States Secret Service | 2 | | |
| Central Intelligence Agency | 2 | | 1 |
| Office of the Pardon Attorney | 1 | | |
| United States Postal Service | 1 | | |
| Department of the Army | 1 | | |
| United States Department of State | 1 | 1 | |
| Internal Revenue Service | 1 | 1 | |
| Office of the Attorney General | 1 | | |
| Office of the Solicitor General | 1 | | 1 |

* Number of cases includes only those cases contained in the charts and does not include the cases requested from the First and Second Circuits.

### B. UNREPORTED CASES: DISTRICT OF COLUMBIA CIRCUIT

| CASE | AGENCY | RECORD SOUGHT/SUBSTANCE OF SUIT | DISPOSITION |
|---|---|---|---|
| 1) Crooker v. Drug Enforcement Agency C.A. No. 86–0351 | Drug Enforcement Agency (DEA) | Crooker sought a copy of the "Clandestine Laboratory Guide" in November, 1985. DEA acknowledged the request, but Crooker had not received the guide at the time he filed suit in February, 1986. | Crooker filed a motion to dismiss two weeks after filing a suit. |
| 2) Crooker v. United States Parole Commission, C.A. No. 86–0352 | U.S. Parole Commission | Crooker sought records maintained under his name including those surrounding his National Parole Appeal in August, 1985. The request was acknowledged in October 1985. Fifty-seven pages of documents were released to Crooker by the Parole Commission in February, 1986. The remaining documents were exempt from disclosure pursuant to 5 U.S.C. § 552(b)(2) and § 552(b)(5). | Defendant's motion to dismiss was granted in that no documents had been withheld improperly. |
| 3) Crooker v. Federal Bureau of Investigation, C.A. No. 86–0516 | Federal Bureau of Investigations (FBI) | Crooker requested an updated copy of the FBI index in December, 1985. | J. Hogan granted unopposed motion to dismiss June 30, 1986. |
| 4) Crooker v. Federal Bureau of Prisons Civil Action No. 86–0510 | Federal Bureau of Prisons | In December, 1985, Crooker requested statistical data requiring population by region and institution, the number of murders and violent crimes which have occurred in federal prisons institutions during the past 10 years, and a report on the murder of two corrections officers at Marion Prison in October, 1983 | The case is pending before J. Hogan |
| 5) Crooker v. United States Marshals Service C.A. No. 86–0810 | U.S. Marshals Service | Crooker requested records maintained under his name in January, 1986 | Case before the Court; J. Hogan granted unopposed motion to dismiss |
| 6) Crooker v. Federal Bureau of Prisons Civ.A. No. 86–0811 | Federal Bureau of Prisons | Crooker requested agency records concerning contracts between FCI Danbury and two corporations in January 1986. In his suit, Crooker contends that the agency complies with FOIA requests only after being sued. | The case is pending before J. Hogan. |

| | | | |
|---|---|---|---|
| 7) Crooker v. Bureau of Alcohol, Tobacco and Firearms C.A. No. 85–1793 | Bureau of Alcohol, Tobacco and Firearms (BATF) | Crooker requested records surrounding his arrest on explosive charges, along with other unnamed records in October 1984. In December 1984, BATF denied Crooker's request. Crooker appealed and BATF denied the appeal in January 1985. Crooker filed suit. | Judge Oberdorfer dismissed the suit as being frivolous pursuant to 28 U.S.C. § 1915(d) in that it was identical to the complaint filed against BATF in Civil Action No. 85–0615 |
| 8) Crooker v. Bureau of Alcohol, Tobacco and Firearms C.A. No. 85–0615 Ct.App. No. 85–5930 | Bureau of Alcohol, Tobacco and Firearms (BATF) | Crooker requested documents maintained under his name by BATF. Crooker's request was denied in reliance to Exception 7(A), in that there was an ongoing investigation and all the requested documents were investigatory records, the release of which would interfere with the investigation | The district court granted defendant's motion for summary judgment and dismissed the case. On appeal the court vacated the summary judgment and remanded the case with instructions to view the requested documents individually to determine whether Exemption 7(A) applied rather than invoking the exemption with a blanket justification that the documents were contained in an investigatory file. |
| 9) Crooker v. United States Secret Service Civ.A. No. 85–1967 | U.S. Secret Service | Crooker sought records maintained under his name compiled since January 1, 1984. Crooker's appeal from the denial of his request was denied. Crooker filed suit. The Secret Service had released some documents but withheld other documents invoking exemptions under 5 U.S.C. § 552(b)(2), (b)(3), (b)(5), (b)(7), (b)(7)(C), and (b)(7)(E). | Judge Oberdorfer granted defendant's motion for summary judgment and ruled that the failure to disclose the requested information was warranted under the FOIA exemptions. |
| 10) Crooker v. United States Parole Commission, Civ.A. No. 85–2248 Ct.App. No. 86–5153 | U.S. Parole Commission | In September 1984, Crooker requested records surrounding his parole revocation. Crooker's suit alleged that his appeal of the denial of his request was denied. | Crooker's agency appeal was not denied, and upon motion, defendant was granted a stay pending the agency's decision concerning Crooker's appeal. On appeal the Parole Commission affirmed the decision to withhold certain information pursuant to 5 U.S.C. § 552(b)(5), (7)(C) and (7)(D). Judge Oberdorfer granted defendant's motion to file an affidavit and attachment in camera and thereafter granted defendant's motion to dismiss. Crooker filed a motion to vacate or modify the dismissal order and a motion for attorney's fees. Both motions were denied. Crooker then filed a Motion for Clarification. Since all the information requested by Crooker had been released during the course of litigation, Crooker's Motion for Clarification was denied as being moot. Crooker has appealed the orders granting defendant's motions for enlargement of time in response to plaintiff's motion for clarification, dated March 6, and |

| | | | March 12, 1986, and the order denying plaintiff's Motion for Clarification, dated March 27, 1986. The Court of Appeals ordered Crooker on May 7, 1986, to show cause why his appeal should not be dismissed since his docketing statement has not been filed. |
|---|---|---|---|
| 11) Crooker v. United States Postal Service C.A. No. 85-2427 | U.S. Postal Service | Crooker requested certain criminal records concerning himself. The agency informed Crooker that search and duplication costs would have to be paid. Crooker's request for a waiver of the fee was denied. Crooker's agency appeal regarding the fee waiver was also denied. Crooker then filed suit. | Judge Oberdorfer granted the defendant's motion for summary judgment and dismissed the suit noting that denial of the fee waiver was not arbitrary or capricious. Crooker's motion to reconsider was denied. |
| 12) Crooker v. Central Intelligence Agency C.A. No. 85-2437 | Central Intelligence Agency (CIA) | Crooker sought agency records concerning himself. After a thorough search, the CIA determined that the documents in their possession were exempt from disclosure under FOIA exceptions (b)(3) and (b)(5). The remaining documents requested by Crooker originated in other agencies and the CIA referred Crooker's request to those agencies. Segregable portions of the CIA documents were released to Crooker. | Judge Oberdorfer granted defendant's motion for summary judgment, which Crooker never opposed, and dismissed the case. In a letter dated two days before Judge Oberdorfer's decision, Crooker requested dismissal of his suit. |
| 13) Crooker v. United States Marshals Service C.A. No. 85-2599 | U.S. Marshals Service | Crooker sought records maintained by the agency under his name including records regarding his arrest and treatment by the U.S. Marshals Service and all records related to his subsequent tort claim and suit. Crooker's request was denied in part because the requested records were prepared in connection with litigation, and thus, were protected from disclosure under FOIA exemption 5 and Exemption d(5) of the Privacy Act. The documents released to Crooker were excised pursuant to 5 U.S.C. (b)(7)(C). | Judge Oberdorfer granted defendant's motion for summary judgment and dismissed the case. |
| 14) Crooker v. Bureau of Alcohol, Tobacco and Firearms C.A. No. 85-2600 Ct. Appeals No. 86-5044 | Bureau of Alcohol, Tobacco and Firearms (BATF) | Crooker requested records pertaining to a substance called thermite. He also requested a fee waiver which was denied. Crooker's appeal regarding the fee waiver was also denied. | Judge Oberdorfer granted defendant's motion for summary judgment and dismissed the case. Crooker was ordered on April 7, 1986, to show cause why his appeal should not be dismissed since his docketing statement has not been filed. |
| 15) Crooker v. Civil Rights Division of the Department of Justice C.A. No. 85-3787 | Department of Justice (DOJ) | Crooker sought copies of all records maintained under his name. The DOJ's response requesting Crooker to satisfy the provisions of the Privacy Act so that his request could be processed was returned by the U.S. Postal Service marked "Unclaimed, Returned to Sender". | Crooker consented to defendant's motion to dismiss, pending further administrative processing of his FOIA request. The case was dismissed without prejudice. |
| 16) Crooker v. Drug Enforcement Administration C.A. No. 83-1718 (D.D.C.1984) | Drug Enforcement Administration (DEA) | Crooker sought records maintained under his name. DEA notified Crooker that it had no records which were responsive to his request. Crooker then filed suit. | Judge Green ruled that since the DEA had conducted two detailed searches for the requested records, the agency's inability to find any requested records could not be doubted. Once the agency had complied with the FOIA request, the case was moot. Judge Green granted defendant's motion for summary judgment and dismissed the case. |

| 17) Crooker v. Federal Bureau of Prisons C.A. No. 83–2845 Ct. of Appeals No. 84–5288 (D.C.Cir. Jan. 15, 1986) | Federal Bureau of Prisons, United States Department of Justice | Crooker sought a copy of his presentence report in August 1980. Crooker had sought the same presentence report in Crooker v. Office of the Pardon Attorney, 614 F.2d (2nd Cir.1980) and in Crooker v. U.S. Parole Commission, 730 F.2d 1 (1st Cir.1984); Crooker was unsuccessful in both attempts. | Judge Green ruled that the doctrine of res judicata applied to the case and granted defendant's motion to dismiss. On appeal the court dismissed the case as being moot in that Crooker had already received the presentence report as the result of his suit filed against the Parole Commission. See 760 F.2d 1 (1st Cir.1985). |
|---|---|---|---|
| 18) Crooker v. Internal Revenue Service C.A. No. 83–2506 Ct.App. No. 84–5892 | Internal Revenue Service (IRS) | Crooker sought copies of law enforcement records maintained under his name and all records surrounding the investigation of his tax returns for the three preceding years. IRS released 14 documents in full and 19 in part. Crooker filed suit to compel the release of the remaining documents. Thereafter, IRS released 8 additional documents with portions deleted. Six of the eight documents had been released in part previously. | The District Court granted defendant's motion for summary judgment and ruled that the requested documents were exempt from disclosure pursuant to FOIA exemptions (b)(2), (b)(3), and (b)(7)(C). Crooker's motion for attorney's fees was denied since Crooker had not substantially prevailed in his suit. The Court of Appeals affirmed the District Court's ruling in regard to the denial of attorney's fees. |
| 19) Crooker v. Standish C.A. No. 80–0611 | Office of the Pardon Attorney U.S. Dept. of Justice (DOJ) | Crooker requested the disclosure of documents which were to be relied upon in connection with his petition for executive clemency to the President. Standish, the U.S. Pardon Attorney, denied Crooker's request. Crooker filed a petition to take depositions. | Crooker's petition was dismissed noting that depositions would be available after suit was filed. |
| 20) Crooker v. Office of the Deputy Attorney General, et al., C.A. No. 80–1404 | Office of the Deputy Attorney General (DAG) U.S. Dept. of Justice | Crooker sought records maintained under his name by DAG. DAG notified Crooker that no records existed at DAG, but that records located in the office of the Associate Attorney General could be obtained upon payment of the copying fee of $13.90. Crooker's request for a fee waiver was denied. | Judge Green granted summary judgment for the defendant, noting that no records had been withheld and that Crooker was not entitled to a fee waiver for the records maintained in the Office of the Associate Attorney General. |
| 21) Crooker v. Bureau of Alcohol, Tobacco and Firearms, et al., C.A. No. 80–1405 | Bureau of Alcohol, Tobacco and Firearms (BATF), U.S. Dept. of Treasury | Crooker sought records that had surfaced during his suit filed in Massachusetts against the Department of Justice. The bulk of the records had been the subject of a stipulated dismissal with prejudice in Crooker v. Department of Treasury and Bureau of Alcohol, Tobacco and Firearms, C.A. No. 79–2008, but six documents were released to Crooker in deleted form. Two additional documents could not be located. | The documents that were subjected to the stipulated dismissal were barred from the suit being that the previous dismissal was a final judgment. The deleted portions were found to be exempt pursuant to FOIA exemption (7)(C). Since the BATF could not locate the remaining two documents, the court ruled that the records were not being improperly withheld. Defendants' motion for summary judgment was granted. the court further ruled that Crooker was not entitled to attorney's fees since he had not substantially prevailed in his suit. |

| Case | Agency | Record Sought/Substance of Suit | Disposition |
|---|---|---|---|
| 22) Crooker v. United States Dept. of Treasury C.A. No. 80–1406 | U.S. Dept. of Treasury, Bureau of Alcohol, Tobacco and Firearms (BATF) | Crooker requested copies of photographs of agency employees from BATF. Following the denial of his administrative appeal, Crooker filed suit. | Judge Hart dismissed the suit noting that Crooker was not entitled to photographs of Treasury employees. |
| 23) Crooker v. Federal Bureau of Investigations, et al., C.A. No. 80–1407 | Federal Bureau of Investigation (FBI), U.S. Dept. of Justice | Crooker requested records maintained under his name from FBI field offices in Boston and New Haven, Connecticut. The FBI requested a copying fee of $9.40. Crooker refused to pay. | Judge Hart dismissed the suit noting that Crooker could pay $9.40. |
| 24) Crooker v. Office of the Solicitor General, et al., C.A.A. No. 80–1408 | Office of the Solicitor General, U.S. Dept. of Justice | Crooker requested copies of all documents maintained under his name in connection with 6 specific cases in which adverse judgments were entered against the United States. | Judge Hart dismissed the suit without prejudice to allow Crooker to amend his request for documents by setting forth the names and numbers of the cases. |
| 25) Crooker v. United States Bureau of Prisons, et al., C.A. No. 80–1409 | United States Bureau of Prisons, U.S. Dept. of Justice | Crooker sought copies of four administrative remedy abstracts from the Bureau of Prisons. The Bureau requested copying fees. Crooker's request for a fee waiver was denied. Crooker lost his administrative appeal and filed suit. | Judge Hart dismissed the suit under 28 U.S.C. 1915(d), noting that Crooker had not indicated he could not pay the fee and that Crooker was "engaged in harassment," citing civil action numbers: 78–1820, 78–1867, 79–2560, 79–3336, 80–0081, 80–0611, 80–1404, 80–1405, 80–1406, 80–1407, and 80–1408. |
| 26) Crooker v. United States Department of Justice, et al., Civ.A. No. 78–1820 Ct.App. No. 80–1005 | U.S. Dept. of Justice (DOJ), Civil Division DOJ, Criminal Division DOJ, Identification Division of the Federal Bureau of Investigation (FBI), Los Angeles Field Office of the FBI. Additional agencies involved in processing the FOIA request: Executive Office for the United States Attorney, U.S. Marshals Service, and the Drug Enforcement Administration (DEA). | Crooker requested documents maintained under his name from the Civil Division and the FBI. Some of the requested documents were withheld and Crooker filed an administrative appeal. Having received no response on his appeal. Crooker filed suit. All documents relevant to Crooker's request were released and Crooker did not contest any exemptions which were asserted. Crooker moved for attorney's fees, noting that it took 13 months for his FOIA request to be completed. | Crooker's motion for attorney's fees in his action against the Civil Division of the DOJ and the Identification Division of the FBI was granted, but denied in regard to the Criminal Division of the DOJ and the Los Angeles Field Office of the FBI. However, the award was limited to $38.75 since Crooker had no overhead and was being supported at the public expense. Crooker's motion to dismiss was also granted. Crooker's motion to reconsider the award of attorney's fees was denied. Defendants appealed and Crooker filed a cross-appeal. The appeal was dismissed. |

## C. REPORTED CASES: DISTRICT OF COLUMBIA CIRCUIT

| CASE | AGENCY | RECORD SOUGHT/SUBSTANCE OF SUIT | DISPOSITION |
|---|---|---|---|
| 1) Crooker v. Bureau of Alcohol, Tobacco and Firearms Civ.A. No. 79–2560 635 F.2d 887 (D.C.Cir.1980) | Bureau of Alcohol, Tobacco and Firearms (BATF) | see 670 F.2d 1051 | Rehearing granted: see 670 F.2d 1051 |
| 1A) Crooker v. Bureau of Alcohol, Tobacco and Firearms Civ.A. No. 79–2560 670 F.2d 1051 (D.C.Cir.1981) | Bureau of Alcohol, Tobacco and Firearms (BATF) | Crooker sought a copy of the BATF manual entitled "Surveillance of Premises, Vehicles and Persons—New Agent Training." BATF originally denied Crooker's request in its entirety, but following an administrative appeal, the Director of BATF released portions of the manual except for the portions which "would benefit those attempt- | The District Court granted the Government's motion for summary judgment deciding that the material was protected from disclosure under Exemption 2. On appeal |

| | | | |
|---|---|---|---|
| | | ing to violate the law and avoid detection." Id. at 1053-54. Crooker filed a FOIA suit for the release of the entire manual. | the Court decided without argument that the withheld portions of the manual were not protected by Exemption 2. However, the majority of the full court of appeals voted to vacate the panel decision and rehear the case en banc. Upon rehearing the Court affirmed the District Court's decision that the portions of the manual sought were protected from disclosure by Exemption 2. |
| 2) Crooker v. United States Department of Treasury Civ.A. No. 80-0081 663 F.2d 140 (D.C.Cir.1980) | U.S. Dept. of Treasury, Bureau of Alcohol, Tobacco and Firearms (BATF) | Crooker submitted a FOIA request for the BATF manual entitled "Conspiracy" on September 26, 1978. The BATF did not reply until January 15, 1979, when it informed Crooker that his request was under review. In March 1979 BATF determined that the manual could be released but a copy of the ruling was not sent to Crooker. Crooker requested the manual again in April 1979 and August 1979 but received no response. Crooker filed suit in January 1980. The Agency sent the manual to Crooker in February 1980. | The District Court granted Crooker's Motion to dismiss but denied his motion for attorney's fees and costs, finding that Crooker had not substantially prevailed in his suit. On appeal the Court ruled that Crooker had substantially prevailed but remanded the case for further determination whether Crooker was entitled to pro se attorney's fees. |
| 3) Crooker v. United States Department of State, C.A. No. 78-1867 (D.D.C.1979) 498 F.Supp. 210. Affirmed in 628 F.2d 9 (D.C.Cir.1980) | State Department | Crooker made a FOIA request to the State Department for FBI files maintained under his name. After receiving no response, Crooker filed suit on October 6, 1978. On October 5, 1978, the State Department notified Crooker that his request had been referred to the FBI as the result of his earlier January 1977 request and that the documents had been released to him by the FBI on April 17, 1977. | Judge Green ruled that the State Department was not required to release the requested documents since the FBI had already released them. Judge Green denied Crooker's motion for summary judgment. His application for attorney's fees was denied since Crooker had not substantially prevailed in his suit. The Court of Appeals affirmed the decision. |
| 4) Crooker v. Civil Division of the United States Department of Justice C.A. No. 83-2350, 577 F.Supp. 1212 (D.D.C.1983) | Civil Division of the U.S. Department of Justice | Crooker requested various documents pertaining to himself. | Since all of the records, files and documents requested had been produced, the action had become moot and the case was dismissed. |
| 5) Crooker v. Central Intelligence Agency C.A. No. 83-1717, 577 F.Supp. 1225 (D.D.C.1983) | Central Intelligence Agency (CIA) | Crooker requested records concerning himself and records concerning the testing of the toxin, ricin. Crooker later withdrew his request for records concerning himself. The CIA requested a commitment from Crooker to pay for processing fees. Crooker requested a waiver of the copying fees. | Dismissed on the grounds that Crooker had not exhausted the available administrative remedies. |
| 6) Crooker v. United States Marshals Service C.A. No. 83-1648, 577 F.Supp. 1217 (D.D.C.1983) Ct.App. No. 83-2205 | U.S. Marshals Service | Crooker requested any records maintained under his name. | Since the Marshals Service was searching for Crooker's records and had notified Crooker that his request would be complied with, but that it was delayed by a backlog of requests, and since Crooker had failed to exhaust the available administrative remedies, |

| | | | the case was dismissed. Crooker's appeal was dismissed also. |
|---|---|---|---|
| 7) Crooker v. United States Secret Service, C.A. No. 83–2101, 577 F.Supp. 1218 (D.D.C.1983) Ct.App. No. 83–2204 | U.S. Secret Service | Crooker requested all documents, photos, files or records that were maintained under his name. The Secret Service notified Crooker that they would comply with his request, but that payment for the materials from a previous request would have to be received before the second request would be processed. Crooker did not pay the fee and the agency did not process his request. | Since the agency was willing to comply with the request and since Crooker had not exhausted available administrative remedies, the court lacked subject matter jurisdiction and the case was, therefore, dismissed. Crooker's appeal was dismissed also. |
| 8) Crooker v. Department of the Army C.A. No. 83–2349, 577 F.Supp. 1220 (D.D.C.1983) Ct.App. No. 84–5089 | Department of the Army | Crooker requested documents surrounding the testing of the toxin, ricin, which allegedly was performed by the Department of the Army for Massachusetts law enforcement agencies. The Army requested payment before the materials would be processed since Crooker had outstanding payments for previous FOIA requests with the Bureau of Alcohol, Tobacco and Firearms. Crooker requested a waiver of fees which was denied. | The denial of the fee waiver was appropriate since furnishing the information would not primarily benefit the general public. Since Crooker indicated that he would not pay for the costs incurred in processing his FOIA request, the Army had the right to demand payment prior to processing the information. Defendant's motion for summary judgment was granted and the case was dismissed. Crooker's appeal was dismissed as being frivolous. |
| 9) Crooker v. Bureau of Alcohol, Tobacco and Firearms C.A. No. 83–1716, 577 F.Supp. 1213 (D.D.C.1983) Ct.App. No. 83–2203 | Bureau of Alcohol, Tobacco and Firearms (BATF) | Crooker sought any records maintained under his name and for an updated copy of his Treasury Enforcement Communications System (TECS) record printout. BATF informed Crooker that no new entries had been made since his previous 1982 request. Crooker repeated his request and asked that the search fees and copying costs requested by the BATF be waived. Crooker also asked the agency to look into the records of Stephen Crooker and Anton Nelson to see if he was named in their files. The BATF denied Crooker's request for a fee waiver since the information sought would not benefit the general public. Crooker's appeal to the agency for a fee waiver was denied. He did receive an updated TECS. | The court determined that since the information sought was not indexed under the name of the requestor, it did not fall under the Privacy Act. Thus, Crooker was not entitled to obtain the copies free of charge. His request was limited to FOIA where there are search and duplication fees. Since there were no meaningful allegations of public interest, a waiver of fees was not warranted. Crooker's remaining requests were moot. The court granted summary judgment for the defendant and dismissed the case. Crooker's appeal was dismissed also. |
| 10) Crooker v. Federal Bureau of Prisons C.A. No. 83–2505, 579 F.Supp. 309 (D.D.C.1984) Ct.App. No. 84–5131 | Federal Bureau of Prisons, United States Department of Justice | Crooker sought any photos, files or records maintained under his name. The Bureau of Prisons replied that Crooker's request would take 60–90 days to process and that the delay was caused because the request had to be transferred to the Northeast Regional Office. When Crooker did not receive the records immediately he filed suit. The delay in processing Crooker's request was caused by problems in locating the records and due to a backlog of requests, but Crooker finally received the records he sought. Certain portions of the records Crooker received were deleted. Crooker continued to seek the deleted portions and pro se attorney's fees. | Defendant's motion to dismiss was granted since the Bureau had substantially complied with Crooker's request and since Crooker had not exhausted his administrative remedies in regard to the deleted portions. Since Crooker had not substantially prevailed in his suit, his request for attorney's fees was denied. The Court of Appeals affirmed the decision. |

## D. REPORTED CASES: FIRST AND SECOND CIRCUITS

| CASE | AGENCY | RECORD SOUGHT/SUBSTANCE OF SUIT | DISPOSITION |
|---|---|---|---|
| 1) Crooker v. Office of the Pardon Attorney and U.S. Department of Justice 614 F.2d 825 (2d Cir.1980) C.A. No. 79–2111 | Office of Pardon Attorney, Department of Justice | Crooker sought to review the records connected with this petition for executive clemency filed with the office of the Pardon Attorney. Crooker acted pro se. | Disclosure of the Deputy Attorney General's memorandum to the President was denied; the case was remanded for further proceedings to determine whether disclosure of the sentence computation record, the Bureau of Prisons progress report, and the pre-sentence report was permissible under FOIA. On remand the court determined that the presentence report was exempt from FOIA as a court document. |
| 2) Crooker v. United States 620 F.2d 313 (1st Cir.1980) Cert. denied 449 U.S. 857 (1980) C.A. No. 80–1095 | | Motion to vacate sentence on grounds that evidence of oral threats made by Crooker to probation officer was inadmissible under the doctrine of collateral estoppel: Crooker had been acquitted in the Massachusetts Superior Court of charges involving the oral threats (NOT FOIA). | District court's determination that the evidence was admissible since the United States was not a party in the state proceedings was affirmed. |
| 3) Crooker v. United States Department of Justice, 632 F.2d 916 (1st Cir. 1980) C.A. No. 80–1109 | Department of Justice | Crooker made a written request for a copy of any "charging manuals, rules and guidelines used by the office of the U.S. Attorney for the District of Massachusetts and/or the manner in which prosecutorial discretion will be exercised," on April 19, 1979. On May 22, 1979, Crooker filed suit to compel disclosure. The documents were released during the course of litigation and Crooker requested dismissal and attorney's fees. | The District Court ruled that Crooker was not entitled to attorney's fees since he acted pro se and he had not "substantially prevailed" in his suit. On appeal the court ruled that Crooker had "substantially prevailed" in his suit for disclosure of the documents, but that pro se attorney's fees were not authorized under FOIA. |
| 4) Crooker v. U.S. Department of the Treasury 634 F.2d 48 (2nd Cir.1980) C.A. No. 80–2087 | Internal Revenue Service (IRS) | Crooker filed suit against IRS under FOIA for the release of documents relating to an investigation of his 1979 income tax return. One month after Crooker filed suit, IRS released the requested documents. Crooker then sought attorney's fees and costs. | The District Court denied Crooker's claim for attorney's fees, despite the fact that he had substantially prevailed in his suit, because Crooker had made an inadequate showing of his interests in the records and of any public benefit in their disclosure. The Appeals Court affirmed noting the frequency of Crooker's FOIA suits and that FOIA "was not enacted to create a cottage industry for federal prisoners." Id. at 49. |
| 5) Crooker v. United States Parole Commission, 730 F.2d 1 (1st Cir.1984), 105 S.Ct. 317. Cert. granted, judgment vacated and remanded. 760 F.2d 1 (1st Cir.1985) C.A. No. 83–1687 | U.S. Parole Commission, U.S. Department of Justice | Crooker filed suit under FOIA seeking release of his pre-sentence report and drug detoxification records. | The District Court held that the Parole Commission had properly withheld the presentence report and medical records, but ordered the Commission to furnish Crooker with a summary of medical records pursuant to the Parole Act. The Appeals Court affirmed that the presentence report was not subject to disclosure under FOIA, |

but remanded for determination whether more medical records could be released without disclosing the source of information. This decision was vacated and remanded in 105 S.Ct. 317. On remand in 760 F.2d 1 the court ordered the release of the presentence report.

| | | | |
|---|---|---|---|
| 6) Crooker v. United States Parole Commission, 776 F.2d 366 (1st Cir.1985) C.A. No. 83–1687 | U.S. Parole Commission, U.S. Department of Justice | Crooker sought attorney's fees under FOIA based on the Court's previous decisions that the Parole Commission must furnish Crooker with copies of his presentence report, 760 F.2d 1 (1st Cir.1985), and certain medical records, 730 F.2d 1 (1st Cir.1984). | Attorney's fees were awarded for work done to secure the release of the presentence report due to the benefit to the public, but fees were not awarded for work done to secure the release of the medical records. |
| 7) Crooker v. United States Department of Justice 497 F.Supp. 500 (D.Conn.1980) C.A. No. 80–0146 | U.S. Department of Justice, Bureau of Prisons | Crooker, along with another inmate of the Federal Correctional Institute (FCI) Danbury, Connecticut, and on behalf of "all others similarly situated at the [FCI]," sought to enjoin prison officials from routinely and randomly monitoring prisoners' personal and legal telephone calls. | Summary judgment was granted for the defendants because prison officials have the power to investigate potential criminal violations in order to preserve the security and orderly management of the institution. Since procedures for unmonitored legal telephone calls had been put into effect, that portion of plaintiffs' suit was moot. |

## E. UNREPORTED CASES: FIRST AND SECOND CIRCUITS

| CASE | AGENCY | RECORD SOUGHT/SUBSTANCE OF SUIT | DISPOSITION |
|---|---|---|---|
| 1) Crooker v. Boston Field Office of Investigation, et al., C.A. No. 78–608 (1st Cir.) | Federal Bureau of Investigation (FBI), DOJ | Crooker sought documents pertaining to himself. Portions of the documents were released and the remainder were withheld pursuant to FOIA exemptions. | The FOIA exemptions were upheld and summary judgment was granted for defendants. |
| 2) Crooker v. Bureau of Investigation and the Department of Justice, C.A. No. B–79–190 (2nd Cir.) | Boston Field Office of the FBI, DOJ | Crooker sought documents pertaining to himself. The documents were withheld pursuant to FOIA exemptions. Crooker requested the documents a second time and when his request was denied again he filed suit. | The FOIA exemptions were upheld and summary judgment was granted for defendants. |
| 3) Crooker v. Department of Justice C.A. No. B–79–191 (2nd Cir.) | Miami Field Office of the FBI, DOJ | Crooker sought records pertaining to himself. The request also sought information about a third party which was forwarded to the New York Office. The records were withheld pursuant to FOIA exemptions. | The FOIA exemptions were upheld and summary judgment was granted for defendants. |
| 4) Crooker v. Department of Justice C.A. No. B–79–299 (2nd Cir.) | FBI, DOJ | Crooker sought the FBI's manual on investigative instructions. | The manual was released during litigation and the case was dismissed. |
| 5) Crooker v. Department of Justice C.A. No. D–79–346 (2nd Cir.) | FBI, DOJ | Crooker sought records pertaining to himself in connection with his convictions for mail fraud. The documents were withheld pursuant to FOIA exemptions. | The exemptions were upheld and summary judgment was granted for defendants. |
| 6) Crooker v. Los Angeles Field Office of the FBI C.A. No. B–80–24 | FBI, DOJ | Crooker sought records pertaining to himself. | The case was dismissed for improper venue. |

## F. INFORMATION REQUESTED FROM UNITED STATES ATTORNEY'S OFFICES

*Information requested from the U.S. Attorney's Office,*

*Eastern District of Kentucky:*

1) 78–24 *Crooker v. Boggs,* Lilburn, *Deputy Director of the United States Secret Service*
2) 78–117 *Crooker v. Department of Justice, et al.,*

*Information requested from the U.S. Attorney's Office,*

*Connecticut District:*

1) B 79–59, *Crooker v. Department of Justice, et al.,*
2) B 79–189, *Crooker v. Office of the Pardon Attorney and the Department of Justice*
3) *B 79–192,* Crooker v. Department of Justice
4) B 79–193 Crooker v. Department of Justice
5) B 79–399, Crooker v. Civil Division of the Department of Justice, et al.,
6) B 79–400, Crooker v. Drug Enforcement Agency, et al.,

7) B 79–437, Crooker v. Department of Justice
8) B 79–498, *Crooker v. Department of Justice, et al.,*
9) B 80–69, *Crooker v. United States Customs Service, et al.,*
10) 80–158, *Crooker v. United States*
11) 80–2006, *Crooker v. Department of Justice*
12) *84–2922,* Crooker v. Warden

*Information requested from the U.S. Attorney's Office*

*Massachusetts District:*

1) 79–1369, *Crooker v. United States*
2) 79–1465, *Crooker v. Department of Justice*
3) 79–1898, *Crooker v. Criminal Division of the Department of Justice, et al.,*
4) 79–2520–z, *Crooker v. Bureau of Alcohol, Tobacco and Firearms, et al.,*
5) 80–76, *Crooker v. United States*
6) 83–0074–F, *Crooker v. Department of Justice*
7) 83–629K, *Crooker v. Desmond, et al.,*
8) 84–1044, *Crooker v. United States*
9) 84–2019, *Crooker v. United States Marshal's Service*